Dematric D. YOUNG, Appellant,

v.

The STATE of Texas.

Nos. 0314–99, 0319–99.

Court of Criminal Appeals of Texas.

March 22, 2000.

Robert L. Huddleston, Lubbock, for appellant in No. 0314–99.

R. Deniece Jones, Lubbock, for appellant in No. 0319–99.

William C. Sowder, Dist. Atty., Wade Jackson, Asst. Dist. Atty., Matthew Paul, State's Atty., Austin, for State.

## *O P I N I O N*

KELLER, J., delivered the opinion of the Court in which McCORMICK, P.J., and HOLLAND, WOMACK, and KEASLER, J.J., joined.

Juries in two separate trials found appellant guilty of possession with intent to deliver and delivery of cocaine. Each of the juries further found that appellant had committed the offenses in a drug-free zone, to wit, in, on, or within 1,000 feet of

premises owned, rented, or leased by a school. This finding formed the basis of a punishment enhancement. The Court of Appeals affirmed the convictions but, finding the evidence legally insufficient to sustain the drug-free zone finding, remanded the causes for a new punishment hearing. We granted the State's Petition for Discretionary Review in order to address the Court of Appeals' sufficiency finding. Specifically, the State argues that it presented sufficient evidence to support the enhancement allegation. We agree.

### Summary of Facts

Paragraph one of the indictments charged appellant with possession with intent to deliver and delivery of between one and four grams of cocaine, both of which are violations of the Health & Safety Code, § 481.112(c). Both offenses are felonies of the second degree, punishable by at least two but not more than twenty years imprisonment and a fine of up to $10,000. *See* Tex. Pen.Code Ann. § 12.33 (Vernon 1994). Paragraph two of the indictments, the enhancement paragraphs, alleged that the offenses occurred "in a drug-free zone, to wit, in, on, or within 1,000 feet of the premises owned, rented or leased by a school ... further described as Cavazos Junior High School." Proof of the drug-free zone allegations allows the punishment for each offense to be enhanced pursuant to Section 481.134 of the Texas Health and Safety Code.

The State subsequently presented evidence on the drug-free zone issue during the guilt-innocence phase of trial. In its instructions to the jury, the court charged that a drug-free zone finding was warranted if the jury found that the offenses had occurred "in, on, or within 1,000 feet of premises owned, rented or leased by a school." After the jury returned guilty verdicts and an affirmative finding on the drug-free zone issue, the court further charged them that the punishment thus authorized was between seven and twenty

years confinement and a fine not to exceed $20,000. The jury then assessed punishment at eighteen years confinement on the possession with intent to deliver charge and twenty years confinement plus a $10,000 fine on the delivery charge.

On appeal, the Court of Appeals found that the State had presented insufficient evidence to prove that the premises in question were owned, rented, or leased by a school. Because the issue related to enhancement only, the Court of Appeals affirmed the judgment of conviction and remanded for a new trial on punishment.

In its sole ground for review, the State contends that the Court of Appeals erred in finding the evidence legally insufficient to support the jury's affirmative answer to the enhancement issue. A preliminary question is whether, under the guidelines set forth in *Malik*[1] for measuring sufficiency of the evidence, the Court of Appeals applied the appropriate hypothetically correct jury charge for the case. We find that it did not. Applying the proper hypothetically correct charge, we find the evidence legally sufficient and accordingly reverse.

### Discussion

■ We held in *Malik v. State* that "sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case." While this formula, as written, applies only to the elements of the offense necessary to sustain a conviction, *Malik*'s principles apply equally to the affirmative findings necessary to sustain the imposition of an enhanced punishment. Thus the sufficiency of the evidence in this context should be measured by the elements of the hypothetically correct jury charge for the enhancement, as defined by statute.

■ The statute which defines the hypothetically correct jury charge for ap-

1. *Malik v. State,* 953 S.W.2d 234 (Tex.Crim. App.1997).

pellant's drug-free zone enhancement is Section 481.134 of the Texas Health and Safety Code. This statute contains numerous subsections, two of which—subsections (b) and (c)—apply to § 481.112(c) offenses. Between these, the Court of Appeals found that subsection (b) defined the hypothetically correct jury charge because it is that subsection which contains the "owned, rented, or leased" language recited in the indictment and jury charge. However, this choice of subsections fails to account for the fact that appellant was actually punished under subsection (c): the punishment range submitted for the jury's consideration was between seven and twenty years confinement and a maximum fine of $20,000, precisely the range permitted by subsection (c). Punishment under (b), on the other hand, would have permitted a range of five to 99 years or life and a maximum fine of $10,000. *See* Tex. Pen. Code Ann. § 12.32 (Vernon 1994). It would also have resulted in the judgment reflecting conviction for a first degree felony rather than second degree, as subsection (b) actually increases the offense level while (c) does not.[2]

We do not, however, decide the case on this ground because our analysis of the legislative history behind § 481.134 compels us to find that subsection (b) did not even apply to the facts of this case. At the time of appellant's offenses, subsection (c) was the only subsection that applied to schools. It is therefore that section which defines the hypothetically correct jury charge for this case.

Prior to May of 1995, § 481.134 contained only two subsections: subsection (a), which provided definitions, and subsec-

tion (b), which was the sole enhancement provision. Subsection (b) provided:

(b) The minimum term of confinement or imprisonment for an offense and the maximum fine for an offense under Section 481.112, 481.113, 481.114, 481.119, or 481.120 are doubled if it is shown on the trial of the offense that the offense was committed:

(1) in, on, or within 1,000 feet of premises owned, rented, or leased by a school or an institution of higher learning or a playground; or

(2) in, on, or within 300 feet of the premises of a public or private youth center, public swimming pool, or video arcade facility.

Being the sole substantive provision, subsection (b) was the general rule for enhancement of all drug-related offenses occurring in the specified drug-free zones.

Had appellant's offenses occurred at the time of this enactment, subsection (b)(1) would have been applicable. The offenses were alleged to have occurred within 1,000 feet of Cavazos Junior High School. As discussed later, Cavazos Junior High School fits within the definition of "school" found in subsection (a)(5). In 1995, however, § 481.134 was amended twice. A harmonious reading of these amendments leads us to conclude that at the time of appellant's April, 1997 offenses, subsection (b)(1) no longer applied to "school[s]" and therefore does not apply to the facts of this case.

Effective May 30, 1995, the Legislature deleted the phrase "a school or" from subsection (b)(1). At the same time, new subsections (c) through (h) were added. *See* Act 1995, 74 th R.S., ch. 260, § 39(SB1). The new enhancement provisions, subsec-

---

**2.** We recognize, nonetheless, that there is a plausible argument that the indictment and jury charge invoked the controlling penal provision—subsection (b)—while, amid other errors, the instructions on the verdict form unnecessarily narrowed the authorized punishment range. Although we are not inclined to agree with this, the error, if any, was waived by appellant's failure to object. *See*

Tex.R.App. P. 33.1(a). Moreover, the jury was questioned during voir dire regarding the range actually submitted rather than the range that would have been appropriate under subsection (b). Therefore, even if preserved, any claim of a lack of notice as to punishment under subsection (c) would be unsuccessful.

tions (c) through (f), deal specifically with offenses committed near a school or school property, or on a school bus. Each of these in turn provides the enhancement for a different set of underlying drug-related offenses. Subsection (c), which covers offenses committed, like appellant's, under § 481.112(c), provides:

> (c) The minimum term of confinement or imprisonment for an offense otherwise punishable under Section 481.112(c) ... is increased by five years and the maximum fine for the offense is doubled if it is shown on the trial of the offense that the offense was committed:
>
> (1) in, on, or within 1,000 feet of premises of a school; or
>
> (2) on a school bus.

Subsections (d), (e), and (f) are similarly confined to those cases where the underlying offense is committed near school property or on a school bus.

The new subsections also abandon the approach of doubling the minimum term of confinement, the method still contained in subsection (b), in favor of other methods of enhancement. Subsection (c) increases the minimum term of confinement by a flat five years, while the remaining new sections increase the level of the offense to the next higher grade. None of the new subsections retain the doubling approach of subsection (b) for terms of confinement.

The second amendment became effective September 1, 1995. *See* Act 1995, 74th R.S., ch. 318, § 38 (SB 15). Affecting only subsection (b), this amendment further abandoned the former doubling scheme by adopting the increased-grade approach already employed by several of the new subsections. Subsection (b) now provides:

> (b) An offense otherwise punishable as a state jail felony under Section 481.112, 481.113, 481.114, or 481.120 is punishable as a felony of the third degree, and an offense otherwise punishable as a felony of the second degree under any of those sections is punishable as a felony of the first degree, if it is

shown at the punishment phase of the trial of the offense that the offense was committed:

> (1) in, on, or within 1,000 feet of premises owned, rented, or leased by a school or an institution of higher learning or a playground; or
>
> (2) in, on, or within 300 feet of the premises of a public or private youth center, public swimming pool, or video arcade facility.

In addition to this change in the enhancement scheme, the amendment also included in subsection (b)(1) the phrase "a school or" which had been deleted by the same Legislature only three months earlier. The addition does not appear in italicized type—the usual manner of indicating new material in the text of amended provisions. *See* 8 West, *Preface to* Vernon's Texas Session Law Service, at V (1995). Nor is there any reference in this amendment to the prior deletion.

If amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each. V.T.C.A., Gov.Code § 311.025(b) (West 1998). Only if the two provisions are irreconcilable will the amendment with the later date take precedence over the earlier. *Id.* We find that the amended subsections (b) and (c) may be harmonized such that effect may be given to each.

By removing "a school or" from subsection (b) while retaining the language making it applicable to institutions of higher learning, playgrounds, youth centers, public swimming pools, and video arcade facilities, the May 30th amendments retain the enhancement scheme of subsection (b) as the general rule of enhancement for most types of drug-free zones. As exceptions to this general rule, subsections (c) through (f) provide a different scheme of specific enhancements for offenses committed in proximity to a school or school property. It therefore appears that the Legislature

substituted subsections (c) through (f) for the phrase "a school or" in order to treat separately those offenses occurring within the drug-free zones surrounding schools or school property. With the September 1ˢᵗ amendments, the Legislature completed the break from the doubling method of enhancement, bringing subsection (b) into consonance with the scheme of the newer provisions. Subsections (c) through (f) remained untouched, however, indicating a continued intent to treat separately those offenses occurring within the drug-free zones surrounding schools or school property.

With this in mind, we cannot conclude that the Legislature intended to interject the treatment of schools back into subsection (b). Such an interpretation would render the new subsections (c) through (f) superfluous, would disrupt the Legislature's intent of treating schools separately, and would effectively enable the State to opt arbitrarily between two methods of enhancement, one of which raises the minimum term of confinement while the other actually increases the grade of the offense. Furthermore, the fact that the added phrase does not appear in italicized type indicates an absence of intent to effectuate the change. Rather, it suggests the language was mistakenly included as the result of a drafting oversight.

That several legal sources coincidentally reflect that subsection (b) does not apply to schools is indeed a mystery. Vernon's *Texas Codes Annotated* omits mention of that portion of the September 1995 amendment in which the phrase "a school or" reappears in the text of subsection (b). Vernon's failure to reproduce this language conveniently yields a result in harmony with our decision today which holds that the language was essentially a mistake anyway. Similarly, the Texas District & County Attorneys Association, while reproducing the language faithfully in its 1997 edition of *Criminal Laws of Texas*, makes in the 1999/2000 edition the same omission as Vernon, with the same result.

Because we find that subsection (b) does not apply to schools, the hypothetically correct jury charge for this case is the only other subsection that covers § 481.112(c) offenses, namely subsection (c). We shall proceed with our analysis of legal sufficiency under that subsection.

### Sufficiency of the Evidence

When reviewing the legal sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict to see whether any rational fact-finder could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim.App.1988). Appellant does not challenge the sufficiency of the evidence to support the crimes themselves. Rather, his challenge is to the legal sufficiency of the evidence to support the punishment enhancement.

Applying subsection (c) as the appropriate hypothetically correct jury charge against which sufficiency should have been measured, we must determine whether a rational juror could have found beyond a reasonable doubt that the offenses were committed: (1) in, on, or within 1,000 feet (2) of premises of a school, further described as Cavazos Junior High School.

"School" as defined in Tex. Health & Safety Code Ann. § 481.134(a)(5) (Vernon Supp.1999) means a private or public elementary or secondary school or a day-care center. Lubbock Police Officer Mike Rocap testified as to his personal familiarity with Cavazos Junior High School, having been required by his work in the juvenile section to go onto school property on many occasions. Officer Rocap and Officer Lucio Trevino both testified that the premises were those of a school owned by the Lubbock Independent School District. The premises were depicted as Cavazos Junior High School on a city map submitted by the State, as dis-

cussed more fully below. We also agree with the State that the name of the premises alone may be sufficient to raise a presumption that it is a private or public elementary or secondary school. A rational juror could have found beyond a reasonable doubt that Cavazos Junior High School was a public elementary or secondary school as defined in § 481.134(a)(5).

Next, the State adduced ample evidence that the offenses occurred within 1,000 feet of the school. Officer Rocap produced maps from the Lubbock City Planning and Engineering Department showing the area public schools, with the boundaries of their respective drug-free zones shaded in gray around each. The maps showed the location of the offenses, the Sunset Motel, to be within the shaded area surrounding Cavazos Junior High School. In a prosecution under Section 481.134, a map produced or reproduced by a municipal engineer for the purpose of showing the location and boundaries of drug-free zones is admissible in evidence and is prima facie evidence of the location or boundaries of those areas if the governing body of the municipality or county adopts a resolution or ordinance approving the map as an official finding and record of the location or boundaries of those areas. Tex. Health & Safety Code Ann. § 481.135(a) (Vernon Supp.1999). Aside from a bare claim that the maps were "official," however, the State does not argue that the municipality or county had adopted a resolution or ordinance approving the maps. Nonetheless, the State is not thereby prevented from using or introducing any other map or diagram otherwise admissible under the Texas Rules of Criminal Evidence. Tex. Health & Safety Code Ann. § 481.135(d). Thus, even if not prima facie proof under § 481.135(d), the maps were at least probative proof of the drug-free zone boundaries. Appellant made no objection to the admission of the maps during trial; therefore, any argument as to their foundation and admissibil-

ity has been waived. *See* Tex.R.App. P. 33.1(a)(1).

In addition, Officer Rocap testified as to his personal knowledge that the Sunset Motel was within 1,000 feet of Cavazos Junior High School, having measured the distance with a traffic wheel. He measured the distance at 335 feet, five inches. The officer also made a videotape of the distance between the motel and the school, which was shown to the jury without objection. Based on all of this, a rational juror could have found that the offenses occurred within 1,000 feet of the school. We therefore hold that there was legally sufficient evidence to sustain the enhancements under subsection (c).

We reverse and remand these causes to the Court of Appeals for the Court of Appeals to address appellant's factual sufficiency claim.

JOHNSON, J. filed a concurring opinion in which MEYERS, J., joined. MEYERS, and MANSFIELD, J.J., concurred in the result.

PRICE, J., did not participate.

JOHNSON, J., delivered a concurring opinion in which MEYERS, J. joins.

I concur in the judgment of the majority. I write separately to address the seeming expansion of *Malik*[1] to punishment. *Ante*, op. at 750 ("While [*Malik*], as written, applies only to the elements of the offense necessary to sustain a conviction, *Malik's* principles apply equally to the affirmative findings necessary to sustain the imposition of an enhanced punishment after conviction.").

In *Malik*, we held:

[S]ufficiency of the evidence should be measured by the *elements of the offense* as defined by the hypothetically correct jury charge for the case. Such a charge would be one that accurately sets out the law, is authorized by the indictment,

---

1. *Malik v. State*, 953 S.W.2d 234 (Tex.Crim. App.1997).

does not unnecessarily restrict the State's theories of liability, and adequately describes the *particular offense for which the defendant was tried.* [Footnote omitted.] This standard can uniformly be applied to all trials, whether to the bench or to the jury, whether or not the indictment is facially complete, and regardless of the specific wording of the jury charge actually given. Moreover, the standard we formulate today ensures that a judgment of acquittal is reserved for those situations in which there is an actual failure in the State's proof of the crime rather than a mere error in the jury charge submitted. *Malik,* 953 S.W.2d at 240. (Emphases added.) *Malik* specifically employs the hypothetically-correct jury charge at the guilt/innocence phase, but is silent as to application in the punishment phase. Indeed, the rationale of *Malik* is based on the state's burden of proof as to the crime, and is ill-suited to the punishment phase, where there is no similar burden on the state as to the appropriate sentence.

Although the finding that the offense was committed in a drug-free zone affects punishment, it is not part of the punishment phase of trial, but describes an element of the particular offense for which appellant was tried, thus is properly included in the guilt/innocence phase. The language of Texas Health & Safety Code § 481.134(c) mandates that evidence proving that the offense was committed in one of the designated areas be presented "on the trial of the offense." [2] TEX. HEALTH & SAFETY CODE ANN. § 481.134(c) (Vernon 1997).

When a statute is clear and unambiguous, we should apply the plain meaning of its words, unless the plain meaning leads to absurd results. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). Prior to 1995, § 481.134(b) provided for increased penalties if it was shown "on the trial of the offense" that the offense was committed in a designated area. *See ante,* op. at 751. When subsection (c) was added in May, 1995,[3] it used the same language as subsection (b) requiring that proof be shown "on the trial of the offense." *Id.* at 751–52. Effective September 1, 1995,[4] the legislature amended subsection (b) to specifically provide that evidence be presented "at the punishment phase." *Id.* at 752; TEX. HEALTH & SAFETY CODE ANN. § 481.134(b) (Vernon 1997). However, no such amendment was made to subsections (c)—(f), which became effective just three months earlier. Had the legislature wanted to amend the language of subsection (c) to similarly require proof to be presented at the punishment phase, it could have easily so done. Accordingly, it appears that the legislature intended that, under subsection (c), proof that the offense was committed in a drug-free zone continue to be presented "on the trial of the offense," i.e., during the guilt/innocence phase. *See Boykin v. State,* 818 S.W.2d 782 (Tex. Crim.App.1991).

The general rule for enhancement for most types of drug-free zones is found in § 481.134(b), which is applicable to institutions of higher learning, playgrounds, youth centers, public swimming pools and video arcade facilities. Subsections (c)—

**2.** The minimum term of confinement or imprisonment for an offense otherwise punishable under Section 481.112(c) ... is increased by five years and the maximum fine for the offense is doubled if it is shown *on the trial of the offense* that the offense was committed:
  (1) in, on, or within 1,000 feet of premises of a school; or
  (2) on a school bus.
(Emphasis added.) TEX. HEALTH & SAFETY CODE ANN. § 481.134(c) (Vernon 1997).

**3.** § 481.134 (c)—(f), were added through S.B. 1, which was approved by the Legislature on

May 27, 1995. Because the bill was to take effect immediately under the provisions of an emergency clause, it became effective upon approval of the governor, which occurred on May 30, 1995. Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 39, 1995 Tex. Gen. Laws 2207, 2488.

**4.** Amended by S.B. 15, which was approved by the Legislature on May 29, 1995, with the effective date of September 1, 1995. Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 38, 1995 Tex. Gen. Laws 2734, 2746.

(f) provide specific enhancements for offenses committed in proximity to a school, school property, or on a school bus. As acknowledged by the majority, the legislature clearly and specifically intended to treat school premises differently. *See ante*, op. at 753. Thus, the legislature could also have intended to treat proof of the location of the offense differently; proof that the offense was committed in a designated area under subsection (b) is to be shown at the punishment phase, while proof that the offense was committed within the drug-free zones surrounding schools or school property or on a school bus (subsection (c)) is to be shown at the trial of the offense, i.e., at the guilt/innocence phase. Therefore, application of the statute's plain language does not lead to absurd results.

Because a finding that the offense was committed in a drug-free zone surrounding a school is a proper consideration at the guilt/innocence phase, *Malik* need not be expanded to punishment, as the majority appears to do. Therefore, I concur only in the judgment of the majority.