11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Kenneth Charles Franklin

Appellant

Vs.                   No.
11-02-00082-CR --  Appeal
from Palo Pinto County

State of Texas

Appellee

 

The jury convicted appellant of the offense of
delivery of a controlled substance, to-wit: methamphetamine.  The jury also made an affirmative finding
that the offense occurred within 1,000 feet of a school.  See TEX. HEALTH & SAFETY CODE ANN. ' 481.134(c) (Vernon Pamph.
Supp. 2002).  The jury assessed
appellant=s punishment
at confinement in the Institutional Division of the Texas Department of
Criminal Justice for a term of 20 years. 
The jury also imposed a fine of $20,000.  We affirm.

In his sole point of error, appellant attacks the
legal sufficiency of the evidence supporting the finding that the offense
occurred within 1,000 feet of a school. 
Evidence is legally sufficient when, viewed in the light most favorable
to the prosecution, it is sufficient to permit a rational trier of fact to find
all the essential elements of the charged crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979);
Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).








The State offered testimony that appellant
delivered methamphetamine to a confidential informant at his residence.  An investigator with the Texas Department of
Public Safety=s
narcotics division testified that he observed the transaction from
approximately two blocks away while parked at an elementary school.  The investigator further testified that he
contacted an official with the surveying department of the City of Mineral
Wells in order to determine the distance of appellant=s home from the school.  The investigator personally observed the
city official take a measurement from a plat map of the distance between the
property line of appellant=s
residence and the property line of the school. 
The investigator testified that the city official determined the distance
to be 670 feet.  

Appellant argues that the investigator=s testimony was legally
insufficient to establish the distance from appellant=s residence to the school.  Citing Young v. State, 14 S.W.3d 748
(Tex.Cr.App.2000), appellant contends that the State should have either
introduced  a map or plat drawn to scale
or offered the testimony of someone who had personally taken a ground
measurement of the distance.   The State
in Young offered into evidence a map and the testimony of someone who
had measured the distance on the ground. 
The Court of Criminal Appeals held that this evidence  constituted sufficient evidence of
distance.  Young did not hold
that evidence of this type is required in order to support a jury finding
regarding a drug-free zone.  

The investigator=s
testimony constituted probative proof of the distance between appellant=s residence and the
school.  His testimony revealed an
element of reliability based on the fact that he had obtained the distance from
a city official working in the city=s
surveying department.  Moreover, no
objection was made to the foundation or admissibility of his testimony.  See Young v. State, supra at 754.  A rational trier of fact could have
determined beyond a reasonable doubt that the offense occurred within 1,000
feet of a school based on investigator=s
testimony.  Appellant=s sole point of error is
overruled.

The judgment of the trial court is affirmed.  

 

JIM R. WRIGHT

JUSTICE

 

August 8, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.