Criminal Case Template




COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



MONTEREK DEMOND SHANNON
SR.,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-02-00027-CR


Appeal from the


Criminal District Court No. 5


of Dallas County, Texas


(TC# F-0054539-L)


MEMORANDUM OPINION



 Monterek Demond Shannon was convicted of assault on a public servant and
possession with intent to deliver a controlled substance. For the assault, the court
assessed punishment at confinement for six years and a $1,500 fine. For possession with
intent to deliver a controlled substance, the court assessed punishment at confinement for
ten years and a $2,500 fine. The court also ordered that the sentences of confinement be
served consecutively.

 This appeal concerns Shannon's conviction for possession with intent to deliver a
controlled substance. Shannon argues that the evidence is legally insufficient to support
the jury's finding that he committed the offense in a drug-free zone. Accordingly, he
argues that the trial court erred by enhancing his sentence for that offense and by ordering
that the sentences for the two offenses run consecutively. We affirm.

Factual and Procedural Background

 Officers with the Dallas Police Department observed Shannon apparently selling
drugs. (1) When the officers detained him, Shannon had a plastic bag with thirty-five grams
of crack cocaine in one hand and $39 in the other hand. He had $2,123 in his pocket.

 At trial, the State presented evidence that the offense occurred within 1,000 feet of
a playground. Shannon's attorney objected to this evidence as irrelevant. In particular,
he argued that the drug offense for which Shannon was indicted could not be enhanced
under the drug-free zones statute because it did not occur on a school bus or within 1,000
feet of a school. The judge overruled the objection.

 The jury charge contained a special issue, asking the jury whether Shannon
"possessed with intent to deliver a controlled substance, to-wit: Cocaine, within 1,000
feet of a playground." Shannon's attorney objected to the special issue, again arguing
that enhancement was not authorized under the drug-free zones statute. The judge
overruled this objection, and the jury answered the special issue in the affirmative. Based
on this affirmative answer, the judge ordered that Shannon's sentences for the drug
offense and the assault run consecutively.

Discussion

 In his sole point of error, Shannon argues that the evidence is legally insufficient to
support a finding that the offense was committed in a drug-free zone. When certain
offenses are committed in a drug-free zone, punishment for the offenses may be
enhanced. See Tex. Health & Safety Code Ann. § 481.134 (Vernon Supp. 2003).
Accordingly, we must measure the sufficiency of the evidence by the elements of the
hypothetically correct jury charge for the enhancement, as defined by statute. Young v.
State, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000).

 Shannon asserts that the hypothetically correct jury charge for the enhancement
would have required the jury to determine whether the offense occurred on a school bus
or within 1,000 feet of a school. Because there is no evidence that Shannon committed
the offense in either of these places, he concludes that the evidence is legally insufficient
to support the enhancement. Accordingly, he argues that the trial court erred by
enhancing his sentence for the drug offense and by ordering that the sentences for the
drug and assault offenses run consecutively.

 To understand and evaluate Shannon's argument, we must examine the statutes
that define the drug offense and create drug-free zones. In construing these statutes, our
goal is to effectuate the intent of the Legislature. Boykin v. State, 818 S.W.2d 782, 785
(Tex. Crim. App. 1991). The literal text of a statute is generally the only definitive
evidence of the Legislature's intent. Id. Therefore, we must ordinarily apply the "plain
meaning rule," that is, we must give effect to the statute's plain meaning. Id.

 Delivery of a Controlled Substance in Penalty Group 1

 Section 481.102 of the Texas Health and Safety Code places cocaine in "Penalty
Group 1." Tex. Health & Safety Code Ann. § 481.102(3)(D) (Vernon Supp. 2003). 
Section 481.112 provides that a person commits an offense if the person knowingly
possesses with intent to deliver a controlled substance listed in Penalty Group 1. Id. §
481.112(a). The offense is a first-degree felony if the amount of the controlled substance
is four grams or more but less than two hundred grams. Id. § 481.112(d). Because
Shannon possessed thirty-five grams of cocaine, he committed a first-degree felony under
section 481.112(d).

 Drug-Free Zones

 Section 481.134 of the Texas Health and Safety Code, entitled "Drug-Free Zones,"
sets out a system for increasing the punishment for certain offenses committed at or near
school property, institutions of higher learning, youth centers, public swimming pools,
video arcades, and playgrounds. See id. § 481.134. Subsection (a), which defines some
of the terms used in the statute, is not at issue in this case. See id. § 481.134(a).

 Subsection (b) provides that an "offense otherwise punishable as a state jail felony 
under Section 481.112 [and certain other sections] is punishable as a felony of the third
degree, and an offense otherwise punishable as a felony of the second degree under any of
those sections is punishable as a felony of the first degree," if the offense was committed
in, on, or within 1,000 feet of a playground or institution of higher learning or in, on, or
within 300 feet of a youth center, public swimming pool, or video arcade. Id.

§ 481.134(b). Under the plain meaning of this subsection, it does not apply to the section
481.112(d) offense at issue in this case, even though the offense was committed within
1,000 feet of a playground. This is so because a section 481.112(d) offense is "otherwise
punishable" as a first-degree felony, rather than as a state-jail or second-degree felony.

 Subsection (c) provides that the "minimum term of confinement . . . for an offense
otherwise punishable under Section 481.112 (d) [and certain other sections] is increased
by five years," if the offense was committed in, on, or within 1,000 feet of a school or on
a school bus. Id. § 481.134(c). Under the plain meaning of this subsection, it does not
apply here, even though it expressly applies to section 481.112(d) offenses. This is so
because the offense was not committed in or near a school or on a school bus.

 Subsections (d) through (f) provide for enhancement of certain non-first-degree
offenses when they are committed in or near a school or on a school bus. Id. §
481.134(d)-(f). Subsection (g) creates an exception to subsection (f). Id. § 481.134(g). 
These subsections are not at issue in this case.

 Finally, subsection (h) provides, "Punishment that is increased for a conviction for
an offense listed under this section may not run concurrently with punishment for a
conviction under any other criminal statute." Id. § 481.134(h) (emphasis added). Under
the plain meaning of this subsection, it does not apply here because none of the foregoing
subsections apply. Because none of the subsections of section 481.134 authorize
increasing Shannon's punishment, subsection (h) does not authorize the stacking of
Shannon's punishment for the drug offense and the assault.

 In summary, based on the plain meaning of section 481.134, the trial court had no
authority to enhance Shannon's sentence for the drug offense or to order consecutive
sentences for that offense and the assault.

 Absurd Results

 The Texas Court of Criminal Appeals has recognized an exception to the plain
meaning rule. "[W]here application of a statute's plain language would lead to absurd
consequences that the Legislature could not possibly have intended, we should not apply
the language literally." Boykin, 818 S.W.2d at 785. The court has noted, "When used in
the proper manner, this narrow exception to the plain meaning rule does not intrude on
the lawmaking powers of the legislative branch, but rather demonstrates respect for that
branch, which we assume would not act in an absurd way." Id. Instead, we assume that
the Legislature intended a just and reasonable result. See Tex. Gov't Code Ann. §
311.021(3) (Vernon 1998).

 The State argues that enforcing the plain meaning of section 481.134 produces
absurd results. This absurdity can be demonstrated by considering the result in a case
with the same facts as this case, except that the defendant had less cocaine.

 For example, assume a person is found guilty of assault on a public servant and
possession with intent to deliver between one and four grams of cocaine within 1,000 feet
of a playground. The drug offense is a second-degree felony. Tex. Health & Safety
Code Ann. § 481.112(c). Applying section 481.134(b), this second-degree felony would
be punishable as a first-degree felony. Id. § 481.134(b). Moreover, under section
481.134(h), the defendant would have to serve the sentences for the assault and drug
offenses consecutively. Id. § 481.134(h).

 Now compare that result with the result in this case. Shannon, who possessed
thirty-five grams of cocaine, is guilty of a first-degree felony. The plain language of
section 481.134 does not authorize enhancing his punishment for that offense, nor does it
authorize consecutive sentences for the drug offense and the assault. The absurdity is
apparent: the person dealing more cocaine fares better than the person dealing less
cocaine.

 We agree with the State that the plain language of section 481.134 produces an
absurd and unjust result. We must now determine how the statute should apply in this
case.

 Application of the Drug-Free Zones Statute to This Case

 Shannon argues that in addition to ordering that his sentences run consecutively,
the trial judge increased his sentence for the drug offense by five years under section
481.134(c). The record does not support this contention. When Shannon's attorney first
objected to evidence regarding the playground, the prosecutor conceded, "We can't apply
subsection (b)" and "[w]e can't deal with (c)," and "[w]e only can apply (h)." The
prosecutor concluded, "So we are not asking to increase the single offense by five, we are
asking that the sentences for the additional sentences cannot run concurrently [sic]." 
During his closing argument on punishment, the prosecutor noted that the drug offense
was a first-degree felony, punishable by five to ninety-nine years' confinement. He did
not suggest that the minimum punishment should be enhanced under section 481.134(c). 
He only argued that Shannon's sentences should run consecutively under section
481.134(h).

 We conclude that the judge did not increase Shannon's sentence by five years
under section 481.134(c). (2) But he did rely on section 481.134(h) in ordering that the
sentences for the two offenses run consecutively. He did not err in doing so. Because we
assume the Legislature could not have intended the absurd and unjust result discussed
above, the trial judge correctly ordered that Shannon's sentences run consecutively. See
Tex. Gov't Code Ann. § 311.021(3); Boykin, 818 S.W.2d at 785.


Conclusion

 The judgment of the trial court is affirmed.


 SUSAN LARSEN, Justice

February 20, 2003


Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


(Do Not Publish)
1. Shannon ran when the officers tried to detain him. One of the officers eventually tackled
him to the ground. During a struggle, Shannon bit the officer. This formed the basis for
Shannon's conviction for assault on a public servant. Today we affirm that conviction in a
separate opinion. See Shannon v. State, No. 08-02-00028-CR (Tex. App.--El Paso February 20,
2003, no pet. h.) (not designated for publication).
2. Because the trial judge did not apply section 481.134(c) here, we need not decide
whether it is absurd for the statute to require enhancement for first-degree drug offenses that are
committed on a school bus or within 1,000 feet of a school, but not for first-degree drug offenses
that are committed in other drug-free zones. We note, however, that the Texas Court of Criminal
Appeals has concluded that the Legislature intended to treat offenses that occur at or near a
school or school property differently from offenses that occur in other drug-free zones. See
Young, 14 S.W.3d at 752-53.