NUMBER 13-01-00674-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

JAMES
THOMAS GUYMON,                                                 Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                  Appellee.

 

    On appeal from the 103rd District Court of Willacy County,
Texas.

 

              MEMORANDUM OPINION ON REMAND

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








A jury found appellant, James Thomas Guymon,
guilty of the offenses of kidnapping[1]
and unlawful restraint of a child.[2]  Enhanced by two prior felony convictions, the
trial court assessed his punishment at life imprisonment.  On direct appeal, this Court affirmed the
kidnapping conviction and life sentence, but vacated the unlawful restraint
conviction on double jeopardy grounds.  Guymon
v. State, No. 13-01-674-CR,  2003
Tex. App. LEXIS 914,(Tex. App.BCorpus Christi Jan. 30, 2003), rev=d, No. PD-0465-03 (Tex. Crim. App. Jan. 12, 2005).   In an unpublished opinion, the Texas Court
of Criminal Appeals reversed appellant=s conviction and sentence for the offense of
kidnapping because the evidence was legally insufficient and rendered a
judgment of acquittal on that charge. 
The court of criminal appeals remanded the case to this Court to review
appellant=s unlawful restraint conviction in light of
its holding.  Guymon, No.
PD-0465-03, slip op. at 11.  We now do
so.

Because the parties are familiar with the
facts, and they are set out at length in our original opinion and the opinion
of the court of criminal appeals, we will not recite them here.  See Tex.
R. App. P. 47.4.

In his second issue, appellant contends the
evidence is legally and factually insufficient to support his conviction of
unlawful restraint of a child fourteen years of age or younger because the
evidence does not prove he unlawfully restrained the child. 








When we review the legal sufficiency of the
evidence, we view all the evidence in the light most favorable to the verdict
to determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443
U.S. 307, 319 (1979);  Young v. State,
14 S.W.3d 748, 753 (Tex. Crim. App. 2000). 
A person commits the offense of unlawful restraint if he intentionally
or knowingly restrains another person.  Tex. Pen. Code Ann. ' 20.02 (Vernon 2003).  The word Arestrain@ means Ato restrict a person=s movements without consent, so as to
interfere substantially with the person=s liberty, by moving the person from one
place to another or by confining the person.@   Tex. Pen. Code Ann. ' 20.01 (1) (Vernon 2003).  

After reviewing the sum of the evidence in
this case showing appellant=s intent to prevent the child=s liberation, the court of criminal appeals
found, AEven if this evidence is viewed only >in the light most favorable to the verdict,= no reasonable jury could find that
appellant=s act of giving a ride to a strange child
who appeared to be incapacitated is sufficient to prove that appellant intended
to prevent G.C.=s liberation. . . .@  Guymon,
No. PD-0465-03, slip op. at 9.  The court
explained that A[w]hile G.C.=s request for a ride could not make any
restraint that existed consensual because G.C. was a child under the age of 14
and legally incapable of consenting to restraint, it does provide evidence that
appellant did not initiate contact,@ and AG.C.=s testimony tends to show that appellant did
not exercise any physical restraint on G.C. other than the normal >restraint= of riding in a moving vehicle. . . .@  Id.
at 10. 

After reviewing the evidence in the light
most favorable to the verdict, we agree with the findings of the court of criminal
appeals, and conclude that no rational trier of fact could have found that
appellant restricted G.C.=s movements so as to substantially interfere
with G.C.=s liberty. 
Accordingly, we hold the evidence is legally insufficient to support
appellant=s conviction for unlawful restraint.  We sustain appellant=s second issue.








In his third issue, appellant asserts the
trial court erred in denying his motion for mistrial based on improper jury
argument by the prosecutor.  In our
original opinion, we found that appellant had failed to preserve error because
he did not obtain an adverse ruling on his motion for mistrial.  The court of criminal appeals concluded that
the trial court had overruled appellant=s motion and held that we should have
addressed this issue.  However, because
we have sustained appellant=s second issue, it is unnecessary to address
this issue.  See Tex. R. App. P. 47.1.

We reverse appellant=s conviction and sentence for the offense of
unlawful restraint and render a judgment of acquittal of that charge.

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
30th day of August, 2005.











[1]
See Tex.
Pen. Code Ann. ' 20.03(a) (Vernon 2003).





[2] See Tex.
Pen. Code Ann. ' 20.02(a) (Vernon 2003).