IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,718






EX PARTE CECIL RAY VEGA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 24025A-422 IN THE 422
ND JUDICIAL DISTRICT COURT


FROM KAUFMAN COUNTY





 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to eight years' imprisonment. He did not appeal his conviction. 

 Applicant contends, among other things, that trial counsel was ineffective for (1) not objecting
to the trial court's failure to properly admonish Applicant; (2) not objecting to the inclusion of both
Tex. Health & Safety Code § 481.134(b) and § 481.134(c) in the judgment; and (3) telling
Applicant that his sentence would be discharged within one year. Applicant also contends that his plea
was rendered involuntary because he was not properly admonished by the trial court. 

 On January 10, 2007, we remanded this application and instructed the trial court to enter
findings of fact and conclusions of law. On remand, trial counsel prepared an affidavit. Based on that
affidavit and the record, the trial court concluded that trial counsel was not ineffective and that
Applicant's plea was not rendered involuntary. We agree. But we find that the judgment in
Applicant's case should not have included references to both Tex. Health & Safety Code §
481.134(b) and § 481.134(c), and that Applicant should not have been convicted of a first degree
felony. See Young v. State, 14 S.W.3d 748 (Tex. Crim. App. 2000). Accordingly, we grant relief on
other grounds. The judgment in cause number 24025A-422 in the 422nd Judicial District Court of
Kaufman County shall be reformed to show that Applicant was convicted of a second, not first,
degree felony and punished pursuant to Tex. Health & Safety Code § 481.134(c), not §
481.134(b). In all other respects, we deny relief. 


Filed: June 27, 2007

Do not publish