NO. 07-09-0329-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 27, 2011

_____

ANTHONY PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-424,441; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Following a plea of not guilty, Appellant, Anthony Perez, was convicted by a jury of possession of less than one gram of cocaine, with intent to deliver, in a drug-free zone, enhanced by a prior felony conviction for retaliation. The offense was a second degree felony punishable by confinement for any term of not more than 20 years or less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (West

Supp. 2010).[1]  Appellant's punishment was assessed at twenty years confinement and a $10,000 fine.  Presenting two issues, Appellant maintains the evidence is legally and factually insufficient to support the jury's finding that he possessed, with intent to deliver, a controlled substance in a drug-free zone, i.e., within 1,000 feet of any real property that was owned, rented, or leased to a school or school board.

## Background Facts

On July 21, 2009, undercover officers set up a buy at a local motel known for heavy narcotics traffic.  At approximately 1:00 p.m., Officer Michael Chavez, a narcotics investigator in an undercover role, rode his bicycle to the southeast parking lot of the motel and observed multiple subjects on the southeast stairwell.  The officer made contact with Appellant, who was standing on the stairwell landing.  In street language, the officer asked if anyone had drugs and Appellant asked him what he needed.  Using street jargon, the officer asked for a twenty dollar rock of crack.  He gave Appellant two ten dollar bills, and Appellant and three other individuals left the stairwell and proceeded toward the interior of the building to a hallway area.  Appellant returned and placed a single crack rock on the railing near where the officer's bicycle was located.  The officer grabbed the rock, put it in his shirt pocket, and left.  He alerted other officers and a take-down team moved in and arrested Appellant.

---

[1]Possession of less than one gram of cocaine, with intent to deliver, is a state jail felony.  *See* Tex. Health and Safety Code Ann. § 481.112(b) (West 2010).  An offense otherwise punishable as a state jail felony under § 481.112(b), committed in a drug-free zone, is a felony of the third degree.  *See* Tex. Health and Safety Code Ann. § 481.134(d)(1) (West 2010).  A third degree felony enhanced by a prior felony conviction is punishable as a second degree felony.  *See* Tex. Penal Code Ann. § 12.42(a)(3)  (West Supp. 2010).

Appellant contends the evidence is legally and factually insufficient to prove the punishment enhancement for possession with intent to deliver within "1,000 feet of any real property that is owned, rented, or leased to a school . . . ."[2] Specifically, he argues that the State failed to introduce property records regarding ownership of Hodges Elementary School.

## I.  Sufficiency Standard of Review

The Texas Court of Criminal Appeals has recently held that the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See Brooks v. State,* 323 S.W.3d 893, 912 (Tex.Crim.App. 2010)[3]  Under that standard, in assessing the sufficiency of the evidence to support a criminal conviction, this Court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *See Jackson,* 443 U.S. at 319; *Brooks,* 323 S.W.3d at 912.  We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge.  *Malik*

---

[2]Appellant does not challenge the sufficiency of the evidence to prove that he possessed less than one gram of cocaine with intent to deliver.

[3]Judge Hervey delivered the opinion in *Brooks*, joined by Judges Keller, Keasler, and Cochran; and, Judge Cochran delivered a concurring opinion, joined by Judge Womack.  Although we are not bound by a decision of four judges, *Pearson v. State,* 994 S.W.2d 176, 177 n.3 (Tex.Crim.App. 1999), we read the combined opinions of Judges Hervey and Cochran in *Brooks* as abandoning factual sufficiency as an evidentiary sufficiency standard of review distinct from legal sufficiency.

*v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).  In our review, we must evaluate all of the evidence in the record, both direct and circumstantial, whether admissible or inadmissible.  *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000).

## II.  Applicable Law

As indicted, the State was required to prove that Appellant possessed, with intent to deliver, less than one gram of cocaine within 1,000 feet of a school, specifically, Hodges Elementary School.  Tex. Health & Safety Code Ann. § 481.134(d)(1) (West 2010).[4]  The principles of *Malik* apply to the affirmative findings necessary to sustain the imposition of an enhancement provision.  *Young v. State*, 14 S.W.3d 748, 750 (Tex.Crim.App. 2000).  The State presented testimony from three witnesses to prove that Appellant sold cocaine in a drug-free zone.

## III.  The Testimony and Evidence

### A.  Skipper Wood

Skipper Wood, a civil engineer with the City of Lubbock with eighteen years experience, testified that in determining what constitutes a drug-free zone, he utilizes a "straight line kind of thing," a geographic information system that shows everything to scale on city computers, or Google, "which is pretty accurate . . . ."  He added that he uses whatever is necessary in making his determination.

---

[4]According to Tex. Health & Safety Code Ann. § 481.134(a)(5) (West 2010), a school means a private or public elementary or secondary school.  For convenience, all future references to "§ __" are references to the Texas Health & Safety Code Ann. (West 2010).

Wood was asked to determine if Appellant sold the cocaine to Officer Chavez within 1,000 feet of Hodges Elementary School. The specific location of the transaction was verified as being the stairwell adjacent to Room 135 of the motel. According to Wood, he began his measurement at the property line for Hodges Elementary School and created a 1,000 foot arc from that point. He calculated that the stairwell at the motel where the cocaine was sold was 950 feet from the school's property line.

### B. Officer Michael Chavez

During Officer Chavez's testimony, the State introduced Exhibit 4,[5] a satellite photograph depicting the area where Officer Chavez had purchased the cocaine and Hodges Elementary School. He testified to his opinion that based on his training and experience, the location where the buy was made fell within a drug-free zone.

### C. Officer Rick Maldonado

Officer Maldonado was a member of the take-down team assigned to the undercover operation at the motel. During direct examination, he affirmatively responded when asked if he knew that the location of the transaction was a drug-free zone.

## III. Analysis

Appellant urges on appeal that none of the State's witnesses testified that the real property on which Hodges Elementary School is located is "owned, rented, or leased to a school or school board" as required by the plain language of §

---

[5]Wood testified that he created Exhibit 4 from an aerial photograph.

5

481.134(d)(1). Comparing the elements of § 481.134(c) (which does not apply to offenses punishable under § 481.112(b)) with those of § 481.134(d) (which specifically applies to offenses punishable under § 481.112(b)),[6] Appellant asserts the Legislature intended to require proof of ownership as an additional independent element in cases punishable under § 481.112(b). He concludes that proof of a defendant's physical distance from a particular "premises," without proof that the property is "owned, rented, or leased to a school or school board," is insufficient to establish the "ownership" element of § 481.134(d)(1).

In deciding what hypothetically correct jury charge to apply in *Young v. State*, 14 S.W.3d at 751, the Texas Court of Criminal Appeals reviewed the legislative history of § 481.134. That section was amended twice in 1995. Effective May 30, 1995, various enhancement subsections were added and effective September 1, 1995, the Legislature abandoned the former doubling of the minimum term of confinement scheme in favor of an increased-grade approach already employed by several of the new subsections. *See id.* at 751-52. The Court concluded that because both amendments were enacted by the same session of the Legislature, the amended subsections could be harmonized. *Id.* at 752. Essentially, as they currently exist, subsections (b), (d), (e), and (f) of § 481.134 are enhancement provisions whereas subsection (b) sets a minimum term of confinement without increasing the grade of the offense.

---

[6]§481.134(c) provides in part, "[t]he *minimum term* of confinement or imprisonment for an offense otherwise punishable under Section 481.112(c) . . . is increased by five years . . . if it is shown . . . that the offense was committed: (1) in, on, or within 1,000 feet of the *premises of a school* . . . ." As contrasted to § 481.134(d) which provides in part, "[a]n offense otherwise punishable under Section 481.112(b) . . . is a felony of the third degree if it is shown . . . that the offense was committed: (1) in, on, or within 1,000 feet of *any real property that is owned, rented, or leased to a school or school board* . . . ." (Emphasis added).

6

While we do not disagree with Appellant that the State did not present evidence of ownership of Hodges Elementary School, the Court noted in *Young v. State*, that "the name of the premises alone may be sufficient to raise a presumption that it is a private or public elementary or secondary school." 14 S.W.3d at 754. Additionally, just as in *Young*, the State presented a map created by a municipal engineer for the purpose of showing the location and boundaries of the drug-free zone. *Id.* At a minimum, the map is probative evidence of the drug-free zone boundaries. *Id.*

The presumption created by *Young*, together with the testimony summarized above and reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict, was sufficient to allow a rational jury to have found beyond a reasonable doubt that Appellant committed the charged offense within 1,000 feet of real property owned, rented, or leased to a school or school board. Appellant's first issue is overruled and his second issue is pretermitted by *Brooks.* 323 S.W.3d at 912.

## Conclusion

Consequently, the trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Publish.

7