NO. 07-11-00047-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 17, 2011

———————————————

ADRIAN L. WALKER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

———————————————

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-425,747; HONORABLE CECIL G. PURYEAR, JUDGE

———————————————

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Adrian L. Walker, appeals his conviction for the offense of possession of a controlled substance, cocaine, in an amount of one gram or more, but less than four grams.[1] Appellant's punishment was enhanced by the allegation that appellant had been previously convicted of a felony offense.[2] Further, the indictment contained an allegation that the offense occurred within a drug-free zone, specifically, the indictment alleged that the offense occurred within 1,000 feet of real property owned by a school,

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010).

[2] See TEX. PENAL CODE ANN. § 12.42(a)(3) (West 2011).

namely Bozeman Elementary School. After finding appellant guilty of possession of cocaine, the jury answered the special issue "We Do" regarding the allegation that the offense was committed in a drug-free zone. Appellant chose to go to the trial court for punishment and, after hearing the evidence on punishment, the trial court sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for a period of ten years. Appellant perfected his appeal and presents two issues to this Court, both of which contest the sufficiency of the evidence to sustain the conviction due to a material variance between the allegation of the drug-free zone in the indictment and the proof presented before the trial court. We will affirm.

Factual and Procedural Background

On November 23, 2009, officers Joshua Franco and Ernie Garcia responded to a "check subject" call at 3022 East 2nd Place in Lubbock, Texas. Upon arriving at the scene, Franco parked his patrol car behind appellant's vehicle. Franco found appellant asleep in a parked vehicle with the motor running and its headlights on. Franco approached the driver's side of the car and attempted to arouse appellant. Franco found the driver's side door locked and he was unable to wake appellant up. Garcia arrived at almost the same instant as Franco and parked his vehicle at the front of the subject vehicle. Garcia approached the passenger's side of the vehicle and found the door unlocked and a female subject asleep on the passenger side. Garcia was able to wake up the female passenger. The female passenger then reached across appellant and unlocked the driver's side door.

As Franco woke appellant up, he noticed appellant's eyes were very bloodshot and there was a strong odor of an alcoholic beverage present. Appellant was placed under arrest for public intoxication. As appellant was patted down during the arrest, Franco discovered a rock of crack cocaine in appellant's front left pocket. Subsequent testing proved that the rock was crack cocaine and weighed 2.16 grams.

The indictment in appellant's case contained a punishment enhancement paragraph that alleged that the possession of cocaine occurred "within 1,000 feet of real property owned by a school, namely, Bozeman Elementary School."[3] During trial, Franco testified that the offense occurred approximately 300 feet south of Bozeman Elementary School. Skipper Wood, a civil engineer with the City of Lubbock, testified that the offense occurred in a drug-free zone because appellant was arrested within 1,000 feet of Bozeman Elementary School. Wood's testimony was based upon the use of aerial maps and plotting a 1,000 foot radius from Bozeman Elementary School. The radius, when plotted, took in the location of appellant's arrest.

At the conclusion of the evidence, the trial court presented the court's charge to the jury. The primary offense of possession of a controlled substance, namely, cocaine in an amount of more than one gram but less than four grams was submitted to the jury. Additionally, a special issue was submitted to the jury that inquired whether the offense was committed in a drug-free zone, "to-wit: within 1,000 feet of the premises of a school,

---

[3] See TEX. HEALTH & SAFETY CODE ANN. § 481.134(d) (West 2010).

3

further described as Bozeman Elementary School."[4]  There were no objections lodged to the special issue as submitted to the jury.  The jury answered "We Do" to the special issue.

The trial court then conducted a punishment hearing.  After hearing the evidence on the issue of punishment and appellant's plea of true to the prior felony enhancement paragraph, the trial court sentenced appellant to ten years confinement in the ID-TDCJ.  Appellant brings forth two issues that complain about the sufficiency of the evidence.  First, appellant contends that the evidence is insufficient to sustain the conviction of possession of cocaine within 1,000 feet of real property owned by a school, namely, Bozeman Elementary School because of a material variance between the indictment and the proof at trial.  Second, appellant contends that because the evidence is insufficient to sustain the finding of a drug-free zone, as alleged in the indictment, the minimum term of confinement and fine should not have been increased pursuant to section 481.134(c)(1)[5] of the Texas Health & Safety Code.[6]  We disagree with appellant's contentions and will affirm the trial court's judgment.

---

[4] There was no objection lodged to this special issue even though the issue submitted did not track the language of the indictment's drug-free zone allegation. See TEX. HEALTH & SAFETY CODE ANN. § 481.134(c)(1) (West 2010).

[5] Appellant's brief recites the section of the Health and Safety Code at play as section 481.139(c)(1), which appears to be a typographical error as the correct section cited at other parts of appellant's brief is section 481.134(c)(1).

[6] Further reference to the Texas Health & Safety Code will be by reference to "§ ____" or "section ____."

Standard of Review

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Brooks v. State, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a fact finder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." Brooks, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by Jackson." Id. (Cochran, J., concurring). When reviewing all of the evidence under the Jackson standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. See id. at 906, 907 n.26 (discussing Judge Cochran's dissenting opinion in Watson v. State, 204 S.W.3d 404, 448–50 (Tex.Crim.App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." Id. at 899.

The sufficiency standard set forth in Jackson is measured against a hypothetically correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). Such a charge is one that sets forth the law, is authorized by the

5

indictment, and does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. Id. According to Young v. State, the hypothetically correct jury charge requirement of Malik applies equally to any allegation of punishment enhancement, such as a drug-free zone allegation. Young v. State, 14 S.W.3d 748, 750 (Tex.Crim.App. 2000). The "'law' as 'authorized by the indictment' must be the statutory elements" of the offense charged "as modified by the charging instrument." Curry v. State, 30 S.W.3d 394, 404 (Tex.Crim.App. 2000).

The Law of Variance

We first look at the indictment in question. The indictment authorized a finding that the offense occurred in a drug-free zone if the offense was "within 1,000 feet of real property owned by a school, namely Bozeman Elementary." This allegation is problematic for the Court because appellant was charged pursuant to section 481.115(c), possession of a controlled substance of one gram or more but less than four grams. § 481.115(c). The punishment enhancement alleged was pursuant to section 481.134(d)(1). § 481.134(d)(1). This particular drug-free zone allegation does not apply to offenses committed pursuant to section 481.115(c). Rather, the enhancement as alleged applies to section 481.115(b), possession of a controlled substance of less than one gram. § 481.115(b). To further complicate the analysis of the variance issue is the fact that the record reveals that the special issue submitted to the jury alleged that the offense occurred "within 1,000 feet of the premises of a school, further described as Bozeman Elementary School." As submitted without objection, this

6

allegation of a drug-free zone is that authorized under section 481.134(c)(1). §

481.134(c)(1). Such an allegation is the proper enhancement allegation for an offense

committed pursuant to § 481.115(c), the applicable offense of which appellant was

convicted.

<u>Analysis</u>

From this procedural background, we must now address the question of

variance. Because appellant's issues are framed as sufficiency of the evidence issues,

we must refer to a hypothetically correct jury charge. <u>See</u> <u>Cada v. State</u>, 334 S.W.3d

766, 773 (Tex.Crim.App. 2011) (citing <u>Malik</u>, 953 S.W.2d at 240). Such a charge is one

that accurately sets forth the applicable law and is authorized by the indictment. <u>Id</u>.

Further, a hypothetically correct jury charge need not incorporate allegations that would

be considered an immaterial variance. <u>Gollihar v. State</u>, 46 S.W.3d 243, 256

(Tex.Crim.App. 2001).

In the case before the Court, the immediate problem is that the charge submitted

a drug-free zone issue to the jury that appears not to have been authorized by the

indictment but is the applicable law. Accordingly, we must determine whether the

allegation of the specific means of proving a drug-free zone, as alleged in the

indictment, is an element of the offense for purposes of variance analysis. <u>See</u> <u>Cada</u>,

334 S.W.3d at 773-74.

In <u>Cada,</u> there were several alternative methods of pleading retaliation,

depending upon the specific status of the complainant. <u>Id</u>. at 770. These alternative

methods of pleading retaliation based upon the status of the complainant were held to

7

be elements of the offense.  Id. at 776.  The State alleged one of the alternatives that was not supported by the evidence and this led the Texas Court of Criminal Appeals to determine that the variance at issue was a material variance, and, thus, the evidence was insufficient to support the jury's verdict.  Id. at 774.  Additionally, when we review an earlier opinion of the Texas Court of Criminal Appeals, we find language that "Malik's principles apply equally to the affirmative findings necessary to sustain imposition of an enhanced punishment."  Young, 14 S.W.3d at 750.

Because the statutory scheme of the Texas Health & Safety Code provides a list of punishment enhancements from which the State must choose, it appears that such would be considered "elements" of the enhancement allegations.  See § 481.134; Young, 14 S.W.3d at 750.  Those allegations, as elements of the enhancement provision of the indictment, lead to the conclusion that there was, in fact, a variance between the indictment and the proof of the special issue submitted by the trial court. See Cada, 334 S.W.3d at 774.  Further, because the variance related to an element of enhancement, the variance at issue was material.  See id. at 768.  Accordingly, we review the evidence to determine whether it was insufficient to prove the allegations required by the hypothetically correct jury charge, which, here, would include the allegation that the offense occurred "within 1,000 feet of real property owned by a school."  See id.

The evidence at trial was that the offense occurred within 1,000 feet of Bozeman Elementary School.  This evidence was provided by both Officer Franco and Skipper Wood.  Franco testified that the possession occurred approximately 300 feet from

8

Bozeman Elementary School. Wood testified with the aid of an aerial map that showed a 1,000 foot arc drawn from Bozeman Elementary School. The site of the possession fell within that arc. From the evidence at trial, we conclude that the evidence supported a finding that the possession in question occurred within 1,000 feet of Bozeman Elementary School. See Young, 14 S.W.3d at 754. However, this does not end our inquiry. The next question is, was there any evidence that this possession was within 1,000 feet of real property "owned" by a school, namely, Bozeman Elementary School as alleged in the indictment and required by the hypothetically correct jury charge.

In Perez v. State, this Court was called upon to answer a similar question. See Perez v. State, 332 S.W.3d 700, 703 (Tex.App.—Amarillo 2011, pet. ref'd) (citing Young 14 S.W.3d at 754). There, the contention on appeal was that there was no testimony that the real property on which the school in question sat was "owned, rented, or leased to a school or school board" as required by the applicable enhancement provision, section 481.134(d)(1). Id. The Court held that based upon the evidence presented, maps presented showing the school by name and testimony of the officers about where the incident occurred, there was sufficient evidence for a jury's reasonable inference that the charged offense was within 1,000 feet of real property owned, rented, or leased to a school or school board. Id. at 704.

In the present case, the evidence was of the same nature and character as that in Perez. Application of the Perez rationale leads to the conclusion that a rational jury could have found all of the elements necessary to find appellant guilty beyond a reasonable doubt, including the enhancement allegation in the hypothetically correct

9

jury charge.  See Jackson, 443 U.S. at 319; Brooks, 323 S.W.3d at 912.  Appellant's second issue is predicated upon the same contention of failure of the evidence and, accordingly, is also overruled.

## Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.


Mackey K. Hancock
Justice


Do not publish.