NUMBER 13-03-345-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

TVAN BRYANT, JR., A/K/A
T’VAN BRYANT, JR.,                                                                 Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 24th District Court of Jackson County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Yañez
 
          In a single issue, appellant, Tvan Bryant, Jr., (a/k/a T’Van Bryant, Jr.) appeals from
his conviction for delivery of a controlled substance in a drug-free zone.


 We affirm.
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of the Court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4.
          The record contains the trial court’s certification that the case is not a plea-bargain
case and the defendant has the right to appeal. See Tex. R. App. P. 25.2(a)(2).
Legal Sufficiency
          Appellant argues that the evidence is legally insufficient to support his conviction. 
When reviewing the legal sufficiency of the evidence, we examine the evidence presented
in the light most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the offense present beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Young v. State, 14 S.W.3d 748, 753
(Tex. Crim. App. 2000). In making this determination, we consider all the evidence
admitted that will sustain the conviction, including improperly admitted evidence. Conner
v. State, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). Questions concerning the credibility
of witnesses and the weight to be given their testimony are to be resolved by the trier of
fact. Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). Evidence is not
rendered insufficient when conflicting evidence is introduced. Matchett v. State, 941
S.W.2d 922, 936 (Tex. Crim. App. 1996). We must assume that the fact finder resolved
conflicts, including conflicting inferences, in favor of the verdict, and must defer to that
resolution. Id.
          On appeal, we measure the legal sufficiency of the evidence by the elements of the
offense as defined by a hypothetically correct jury charge. See Malik v. State, 953 S.W.2d
234, 240 (Tex. Crim. App. 1997); Poindexter v. State, 115 S.W.3d 295, 298 (Tex.
App.–Corpus Christi 2003, pet. denied). This charge accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State’s burden of proof
or unnecessarily restrict the State’s theories of liability, and adequately describes the
particular offense for which the defendant is being tried. Malik, 953 S.W.3d at 240; see
Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000).
          Here, to prove delivery of a controlled substance, the State was required to show: 
(1) on or about August 22, 2002, (2) Tvan Bryant, Jr. intentionally and knowingly, (3)
delivered by actual transfer to Santos Castaneda, (4) a controlled substance, to-wit:
cocaine, in an amount less than one gram. See Tex. Health & Safety Code Ann. §
481.112 (Vernon 2003). Appellant argues that the testimony of Santos Castaneda, a
confidential informant to whom appellant sold crack cocaine, failed to establish that the
controlled substance contained in State’s Exhibit 3 was, in fact, the illegal substance
appellant sold to Castaneda. Appellant cites the following exchange between the
prosecutor and Castaneda:
Q:       [Prosecutor] I want to show you what’s been marked for identification
purposes as State’s Exhibit 3. Do these purport to be, even though this is
kind of cracking up, to be about the approximate size of the crack cocaine
that Tvan Bryant, Jr. gave you?
 
A:       [Castaneda] Yes, sir.
State’s Exhibit 3 was later admitted during the testimony of a Department of Public Safety
chemist.
          The record reflects that on August 22, 2002, two officers met with Castaneda at the
Jackson County Airport. The officers searched her person and vehicle, and supplied her
with an electronic listening device and $30 cash. Castaneda left the airport and proceeded
to purchase two rocks of crack cocaine from appellant. After making the purchase, she
returned to the airport, where she turned the drugs over to the two officers. She gave a
statement and was searched again before being released. Castaneda and one of the
officers testified that appellant sold her the drugs. The audio recording of the transaction
was admitted as evidence and played for the jury. The recording contained a detailed
account of the route Castaneda took both to and from the airport, demonstrating that she
made no digressions during the time she left the airport until she returned. Additionally,
appellant’s cellmate testified that appellant admitted to him that he sold the drugs to
Castaneda.
          Reviewing the evidence in the light most favorable to the verdict, see Jackson, 443
U.S. at 319, we conclude that any rational trier of fact could have found that the crack
cocaine in State’s Exhibit 3 was the crack cocaine appellant delivered to Castaneda. 
Appellant points to nothing in the record that would indicate otherwise. Accordingly, the
judgment of the trial court is affirmed. 
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice




Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the
27th day of August, 2004.