COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-248-CR

  
ROBERT 
ELL EDWARDS                                                         APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
  
------------
 
FROM 
THE 158TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
        Appellant 
Robert Ell Edwards was found guilty by a jury of felony DWI, and after finding 
that the enhancement paragraphs were true, the trial court sentenced him to 
sixty years’ confinement in the Institutional Division of the Texas Department 
of Criminal Justice. Appellant brings three points on appeal, contending that 
the judgment is void because the “amended indictment” under which he was 
tried and convicted was not on file until after the trial was over and that the 
evidence is legally and factually insufficient to prove that the second 
enhancement conviction described in the original indictment was committed after 
the first enhancement conviction described therein was final. Because Appellant 
does not challenge the live pleading giving notice of the enhancement 
allagations and because we hold that the evidence is legally and factually 
sufficient to prove the enhancement allegations, we affirm the trial court’s 
judgment.
        The 
enhancement allegations in the original indictment in this case listed the prior 
felony convictions in reverse chronological order and therefore alleged an 
impossibility:
  
And 
it is further presented in and to said Court that before the commission of the 
offense alleged above, on the 15th day of December, 1995, in cause 
number A-7770, . . . the defendant was convicted of the felony offense of 
Driving While Intoxicated . . . ;
 
And 
it is further presented in and to said Court that before the commission of the 
offense alleged in the first paragraph above and after the conviction in cause 
number A-7770 was final, the defendant committed the felony offense of Burglary 
and was convicted on the 7th day of September, 1978, . . . in cause 
number F-74-071-R.

  
        On 
April 14, 2003, the State filed a motion to amend the indictment to correct the 
sequential language in the enhancement paragraphs, that is, to show that the 
felony DWI was committed after the burglary conviction was final. The motion 
recites in full the proposed language of the amended indictment. The record 
shows that an order dated April 17, 2003 was signed granting the motion. The 
order provides that the indictment should be granted, and it recites in full the 
language the amended indictment should contain. The order provides, in pertinent 
part:
  
And 
it is further presented in and to said Court that before the commission of the 
offense alleged above, on the 7th day of September, 1978, in cause 
number F-74-071-R, . . . the defendant was convicted of the felony offense of 
Burglary . . . ;
 
And 
it is further presented in and to said Court that before the commission of the 
offense alleged in the first paragraph above and after the conviction in cause 
number F-74-071-R was final, the defendant committed the felony offense of 
Driving While Intoxicated and was convicted on the 15th day of 
December, 1995, . . . in cause number A-7770 . . . .

  
        The 
order was not filed until May 12, 2003, five days after the judgment was signed. 
The original indictment was not physically altered in any way. On the first day 
of trial, May 5, 2003, the prosecutor announced that the trial would proceed 
under the amended indictment. Appellant did not object. The prosecutor read the 
proposed amended indictment into the record.
        After 
the jury convicted Appellant, the State introduced, among other exhibits, 
certified pen packets of the prior felony convictions into evidence in the 
punishment phase. The pen packet for the burglary conviction included 
Appellant’s name, his fingerprints, his mug shot, the fact that the offense 
was felony burglary, the cause number, the date of the offense, the date of 
conviction, the convicting court, the judgment, the date of probation 
revocation, and the sentence. The pen packet for the prior felony DWI conviction 
included Appellant’s name, his fingerprints, his mug shot, the fact that the 
offense was felony DWI, jurisdictional enhancement paragraphs, the cause number, 
the date of the offense, the date of conviction, the convicting court, the 
judgment, and the sentence. Additionally, the officer who arrested Appellant for 
the primary offense testified that Appellant personally gave him his name, his 
address, his birth date, and his Texas identification number. The evidence makes 
clear that the prior felony DWI was committed after the burglary conviction 
became final.
        In 
his second and third points, Appellant contends that the evidence is legally and 
factually insufficient to prove that the second listed enhancement conviction in 
the original indictment was committed after the first alleged enhancement 
conviction was final. Appellant does not complain that the two prior felony 
convictions were not proved up. Instead, he specifically contends that the State 
failed to prove that the offense for which he was convicted in 1978 was 
committed after the offense for which he was convicted in 1995. We do not 
measure the evidence of the enhancement allegations against the original 
indictment. Unlike allegations of the offense, enhancement allegations do not 
have to be provided in the indictment.[2]  The 
State’s motion to amend was a satisfactory pleading that gave Appellant ample 
notice of the enhancement allegations in proper sequence.[3]  
After the motion to amend was filed and the trial court granted it, the motion 
to amend became the live pleading for enhancement purposes.
        The 
sufficiency of the evidence in this context should be measured by the elements 
of the hypothetically correct jury charge for the enhancements, as defined by 
statute.[4]  Appellant’s stipulation and the 
pen packets described above, admitted with no objection, are legally and 
factually sufficient evidence of the two prior, sequential felony convictions 
alleged in the State’s motion to amend under section 12.42(d) of the penal 
code.[5]  We therefore overrule Appellant’s 
second and third points.
        In 
Appellant’s first point, he complains that no amended indictment was filed 
with the district clerk until after the trial was over and that therefore the 
amended indictment under which he was tried and convicted did not satisfy 
constitutional and statutory requisites for a charging instrument. His complaint 
concerns only the enhancement paragraphs, not his primary offense. Because the 
original indictment is not the live pleading for enhancement purposes, we 
overrule this issue.[6]
        Having 
overruled Appellant’s points, we affirm the trial court’s judgment.
   
                                                          PER 
CURIAM

  
PANEL F:   DAUPHINOT, 
GARDNER, and WALKER, JJ.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 25, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Brooks v. State, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997).
3.  
See id.
4.  
Young v. State, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000).
5.  
See Tex. Penal Code Ann. § 12.42(d) (Vernon Supp. 2004).
6.  
See Gowans v. State, 995 S.W.2d 787, 795 (Tex. App.—Houston [1st 
Dist.] 1999, pet. ref’d) (refusing to consider appellant’s complaint about 
original indictment when indictment amending enhancement paragraph was also in 
record).