NUMBER 13-03-00227-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

JERROD WAYNE STANDEFER,                                                      Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

          On appeal from the County Criminal Court at Law No.
10

                                         of
Harris County, Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








A jury found appellant, Jerrod Wayne
Standefer, guilty of the offense of reckless driving,[1]
and the trial court assessed his punishment at thirty days= confinement in the county jail and a $200
fine.  The trial court has certified that this Ais not
a plea-bargain case, and [appellant] has the right of appeal.@  See Tex. R. App. P. 25.2(a)(2).  By two points of error, appellant contends the evidence is legally and
factually insufficient to support his conviction for reckless driving.  We affirm.

Because all issues of
law presented by this case are well settled and the parties are familiar with
the facts, we will not recite the law and the facts here except as necessary to
advise the parties of our decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.

The standard of review for challenges to the legal
and factual sufficiency of evidence is well settled.  See Jackson v. Virginia,
443 U.S. 307, 319 (1979) (legal sufficiency); Young v. State, 14 S.W.3d
748, 753 (Tex. Crim. App. 2000) (legal sufficiency); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (factual sufficiency); Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (legal and factual
sufficiency).  A person commits the offense of reckless
driving if that person Adrives a vehicle in wilful or wanton
disregard for the safety of persons or property.@  Tex. Transp. Code Ann. ' 545.401 (Vernon 1999).  The information alleged that appellant
wilfully and wantonly disregarded the safety of persons and property by
recklessly driving his motor vehicle at a high rate of speed and causing it to
collide with another motor vehicle.  








Jesus Rodarte was driving a Ford F-250
pickup truck northbound on Shadowdale Drive in Houston at approximately fifteen
to twenty miles per hour, and was preparing to make a left-hand turn.  As Rodarte started to turn, a Chevrolet S-10
pickup truck driven by appellant moved into the southbound lane and attempted
to pass Rodarte=s truck. 
Appellant=s truck hit the F-250 and pushed it at a
diagonal angle for thirty-six feet, where it hit a curb and flipped on its
side.  The F-250 was then pushed another
six feet by appellant=s truck until it hit a telephone pole.  The impact with the telephone pole crushed
the cab of the truck, pinning Rodarte.

Two eyewitnesses testified that before the
collision, they heard loud engine noises which attracted their attention.  Both said they saw two vehicles traveling at
a high rate of speed, in excess of the thirty mile per hour speed limit,
approaching the F-250.  They estimated
the Chevrolet S-10 pickup truck driven by appellant was traveling at between
forty and fifty miles per hour at the time of impact.  Both admitted that due to the location from
where they observed the collision, they could not tell if Rodarte had used a
turn signal.  

Officer Cary Spears, an investigator with
the Houston Police Department Accident Division, testified that by using a
point of impact estimated from debris and witness statements, the distance the
F-250 was pushed as a result of the collision, and the amount of damage that
resulted, he estimated the S-10 was traveling at approximately fifty miles per
hour at the point of impact.  A high rate
of speed and high velocity was necessary for the lighter S-10 to push the much
heavier F-250 a distance of forty-two feet. 
Officer Spears said that if the S-10 had been traveling at thirty to
thirty-five miles per hour, the F-250 would not have been flipped on its side
when it hit the curb, and significantly less damage would have resulted.  The fact the F-250 was pushed an additional
six feet after flipping on its side further indicated the S-10 was traveling at
a very high rate of speed.  Officer
Spears opined the cause of the accident was excess rate of speed in a
residential neighborhood.








Rodarte testified that he recalled putting
on his left-turn signal approximately thirty feet before the intersection; he
always uses his turn signal before making a turn.  Rodarte said that because there was no other
vehicle in front of him, he slowed down gradually instead of braking to
turn.  When he looked in his rear-view
mirror prior to turning, he saw one vehicle far behind him, but did not see
appellant=s S-10 pickup truck.

Adrian Moseley, the driver of the second
truck observed by the eyewitnesses, and Eric Mika, the passenger in the
S-10,  testified that they never saw a
turn signal on the F-250.  Moseley
testified he did not believe he and appellant were traveling at an excessive
rate of speed, and that he had a AFlowmaster@ muffler on his truck that made it sound
louder than normal.  Mika estimated that
the S-10 accelerated from thirty-five to about forty miles per hour at the time
of impact, however, he did not look at the speedometer. 

Appellant testified that he and Moseley were
not racing, though Moseley may have revved his engine to catch up to
appellant.  Appellant turned northbound
onto Shadowdale Drive behind the F-250 and decided to pass because Rodarte was
driving very slowly.  He said he would
have slowed down and waited if he had seen a turn signal.  He thought the speed limit was thirty-five
miles per hour and did not think he was driving Apretty fast.@

We conclude that any rational trier of fact could have found beyond a reasonable doubt that
appellant committed the offense of reckless driving by operating his vehicle at
a high rate of speed.  Accordingly, we
hold the evidence is legally sufficient to support appellant=s conviction for reckless driving.  See
Jackson, 443 U.S. at 319; Young, 14 S.W.3d
at 753.  








Appellant also contends the evidence is
legally insufficient because there is a fatal variance between the manner and
means alleged in the information and the evidence actually presented.  See generally Gollihar v. State, 46
S.W.3d 243, 254, 257-58 (Tex. Crim. App. 2001). 
However, because we have held that the evidence is legally sufficient to
support the conviction based on the manner and means alleged in the
information, we need not address the variance issue.  See Tex.
R. App. P. 47.1.  Appellant=s first issue is overruled.

While the evidence presented offers
conflicting estimates regarding the speed and manner which the S-10 was
traveling, the introduction of conflicting evidence is not enough to render the
evidence insufficient as a whole.  See
State v. Turro, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  We must assume that the fact finder resolved
conflicts in the evidence in favor of the verdict and must defer to that
resolution. Id. (citing Matson v. State, 819 S.W.2d 839, 846
(Tex. Crim. App. 1991)).  

After reviewing all the evidence, we conclude that
the evidence is not so weak as to be clearly wrong and manifestly unjust and
the verdict is not against the great weight of the evidence.  Accordingly, we hold the evidence is
factually sufficient to support appellant=s conviction.  Appellant=s second issue is overruled.  

The judgment of the trial court is
affirmed.   

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
21st day of July, 2005.











[1]
See Tex. Transp. Code Ann. ' 545.401 (Vernon 1999).