March 13, 2008

The Honorable Jeri Yenne
Brazoria County Criminal District Attorney
111 East Locust, Suite 408A
Angleton, Texas 77515

Opinion No. GA-0607

Re: Whether Senate Bill 1161 (2007) and House Bill 2884 (2007), both of which amended Education Code section 25.0951, can be harmonized (RQ-0625-GA)

Dear Ms. Yenne:

Education Code section 25.0951(a) requires a school district to file, within a certain time period, a complaint or referral against a student who has accumulated a certain number of unexcused absences from school. *See* TEX. EDUC. CODE ANN. § 25.0951(a) (Vernon Supp. 2007), *as amended by* Act of May 25, 2007, 80th Leg., R.S., ch. 908, § 31, 2007 Tex. Gen. Laws 2274, 2288 *and* Act of May 23, 2007, 80th Leg., R.S., ch. 984, § 1, 2007 Tex. Gen. Laws 3457, 3457–58. Section 25.0951(d) requires a court to dismiss a complaint or referral that is untimely filed. *See* TEX. EDUC. CODE ANN. § 25.0951(d) (Vernon Supp. 2007).

In 2007 the Legislature adopted two bills amending section 25.0951(a). *See* Act of May 25, 2007, 80th Leg., R.S., ch. 908, § 31, 2007 Tex. Gen. Laws 2274, 2288 *and* Act of May 23, 2007, 80th Leg., R.S., ch. 984, § 1, 2007 Tex. Gen. Laws 3457, 3457–58. Because the amendments changed different words in subsection (a), you ask which of the two amendments is effective.[1]

Prior to amendment by the Eightieth Legislature, Education Code section 25.0951(a) required a school district, within seven school days of the last absence, to file a complaint against or to refer to juvenile court a student who had accumulated ten unexcused absences over a six-month period within the same school year:

> If a student fails to attend school without excuse on 10 or more days or parts of days within a six-month period in the same school year, a school district shall within *seven* school days of the student's *last* absence:

---

[1] *See* Letter from Honorable Jeri Yenne, Brazoria County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas (Sept. 13, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

> (1)  file a complaint against the student or the student's parent or both in a county, justice, or municipal court for an offense under Section 25.093[2] or 25.094,[3] as appropriate, or refer the student to a juvenile court in a county with a population of less than 100,000 for conduct that violates Section 25.094; or
>
> (2)  refer the student to a juvenile court for conduct indicating a need for supervision under Section 51.03(b)(2), Family Code.[4]

Act of May 27, 2005, 79th Leg., R.S., ch. 949, § 37, 2005 Tex. Gen. Laws 3198, 3211–12 (amended 2007) (current version at TEX. EDUC. CODE ANN. § 25.0951(a) (Vernon Supp. 2007)) (footnotes and emphasis added).

During the Eightieth session, the Legislature amended section 25.0951(a) twice. *See* Act of May 25, 2007, 80th Leg., R.S., ch. 908, § 31, 2007 Tex. Gen. Laws 2274, 2288; Act of May 23, 2007, 80th Leg., R.S., ch. 984, § 1, 2007 Tex. Gen. Laws, 3457, 3457–58. On May 23, 2007, when Senate Bill 1161 passed the House and became enrolled, the Legislature changed the word "seven," italicized in the quotation above, to the numeral "10." *See* Act of May 23, 2007, 80th Leg., R.S., ch. 984, § 1, 2007 Tex. Gen. Laws 3457, 3457. Two days later, on May 25, by the passage of House Bill 2884, the Legislature changed the word "last," italicized in the quotation above, to "10th." *See* Act of May 25, 2007, 80th Leg., R.S., ch. 908, § 31, 2007 Tex. Gen. Laws 2274, 2288. Senate Bill 1161 did not change the word "last," as House Bill 2884 did; nor did House Bill 2884 change the word "seven," as Senate Bill 1161 did. And neither bill referred to the other.

Senate Bill 1161 became effective when the Governor signed it on June 15, 2007. *See* Act of May 23, 2007, 80th Leg., R.S., ch. 984, § 2, 2007 Tex. Gen. Laws 3457, 3458. House Bill 2884, on the other hand, became effective on September 1, 2007. *See* Act of May 25, 2007, 80th Leg., R.S., ch. 908, § 47, 2007 Tex. Gen. Laws 2274, 2291. You suggest that on and after September 1, 2007, only the later enacted provision—the amendment made by House Bill 2884—is effective; the earlier enacted provision, Senate Bill 1161, was effective only from the time of the Governor's signature until House Bill 2884 took effect. *See* Request Letter, *supra* note 1, at 3. Thus, in your

---

[2]Under Education Code section 25.093, a parent who, with criminal negligence, fails to require a child to attend school in accordance with mandatory attendance laws commits an offense. *See* TEX. EDUC. CODE ANN. § 25.093(a) (Vernon 2006); *see also id.* § 25.085 (Vernon Supp. 2007) ("Compulsory School Attendance").

[3]Under Education Code section 25.094, an individual who is required to attend school but who fails to do so "on 10 or more days or parts of days within a six-month period in the same school year or on three or more days or parts of days within a four-week period" commits an offense. *Id.* § 25.094(a) (Vernon 2006); *see also id.* § 25.085 (Vernon Supp. 2007) ("Compulsory School Attendance").

[4]Conduct indicating a need for supervision includes "the absence of a child on 10 or more days or parts of days within a six-month period in the same school year or on three or more days or parts of days within a four-week period from school." TEX. FAM. CODE ANN. § 51.03(b)(2) (Vernon Supp. 2007).

view, a school district must file a "non-attendance complaint" within seven, rather than ten, days of the student's tenth absence. *Id.* at 3. In making this suggestion, you assume the amendments cannot be harmonized. *See id*

We must presume in construing statutes that the Legislature intended its acts to be effective in their entirety. *See* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 2005); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001). In particular, "if amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each." TEX. GOV'T CODE ANN. § 311.025(b) (Vernon 2005). If two amendments can be harmonized, a court will not apply the rule of statutory construction that the later enacted provision prevails. *See id.*; *Young v. State*, 14 S.W.3d 748, 752 (Tex. Crim. App. 2000). Two legislative enactments need not be found to conflict if each makes substantive amendments to the statute that the other does not make. *See Rhoades v. State*, 934 S.W.2d 113, 122 (Tex. Crim. App. 1996) (Mansfield, J. with three justices concurring, one justice joining only in judgment and two justices concurring in result).

The two amendments to section 25.0951(a) do not conflict. Senate Bill 1161 increased the number of days in which a school district must file a complaint from seven to ten, while House Bill 2884 made more specific the starting point for the filing period, from the "last" absence to the "10th" absence. Thus, each amendment changes a different word, and changing both words does not make the statute absurd. *See Univ. of Tex. S.W. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 356 (Tex. 2004) ("Courts should not read a statute to create such an absurd result." (quoting *Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 629 (Tex. 1996)).

Consequently, as Opinion GA-0574 suggests, both amendments are effective. *See* Tex. Att'y Gen. Op. No. GA-0574 (2007) at 3. Section 25.0951(a) reads:

> If a student fails to attend school without excuse on 10 or more days or parts of days within a six-month period in the same school year, a school district shall within 10 school days of the student's 10th absence:
>
> > (1) file a complaint . . . for an offense under Section 25.093 or 25.094 . . . or refer the student to a juvenile court . . . for conduct that violates Section 25.094; or
>
> > (2) refer the student to a juvenile court for conduct indicating a need for supervision . . . .

TEX. EDUC. CODE ANN. § 25.0951(a) (Vernon Supp. 2007).

You also ask whether a school district that has had a complaint dismissed as untimely may, given the amendments to section 25.0951(a), "file a new complaint with an unexcused absence that occurred subsequent to the absences noted on the original complaint . . . within seven days of

the latest unexcused absence." Request Letter, *supra* note 1, at 2 (quoting Tex. Att'y Gen. Op. No. GA-0417 (2006) at 8). As Opinion GA-0574 indicates, "[n]othing in the statute forbids a school district [to file] a new complaint listing some of the absences [named] in the dismissed complaint in addition to a new, subsequent tenth unexcused absence, so long as all the absences have occurred within a six-month period of the same school year." Tex. Att'y Gen. Op. No. GA-0574 (2007) at 2–3. As the opinion further notes, however, under the amendments to section 25.0951(a), the new complaint must be filed within ten, not seven, school days of the tenth absence listed in the complaint. *See id.* at 3. To answer your question, therefore, we conclude that a school district may file a new complaint listing some of the absences named in the dismissed complaint in addition to a subsequent, previously unlisted, unexcused absence. The new complaint must be filed within ten days of the tenth absence listed in the new complaint.

## S U M M A R Y

Because they can be harmonized, both of the enactments adopted by the Eightieth Legislature amending Education Code section 25.0951(a) are effective. *Compare* Act of May 25, 2007, 80th Leg., R.S., ch. 908, § 31, 2007 Tex. Gen. Laws 2274, 2288, *with* Act of May 23, 2007, 80th Leg., R.S., ch. 984, § 1, 2007 Tex. Gen. Laws 3457, 3457–58. Consequently, section 25.0951(a) requires a school district, within ten school days of the student's tenth absence, to file a complaint against or to refer to juvenile court a student who fails to attend school without excuse for at least ten days or parts of days within a six-month period.

If the school district files an untimely complaint or referral, it may file a new complaint that lists some of the absences named in the dismissed complaint in addition to a subsequent, previously unlisted unexcused absence. The new complaint must be filed within ten days of the tenth absence listed in the new complaint.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee