OPINION HEADING PER CUR 







                     NO. 12-04-00145-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

JOE HOWARD HILL,                                       §     APPEAL FROM THE 8TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,                                  §     RAINS COUNTY, TEXAS 
APPELLEE




MEMORANDUM OPINION
            Joe Howard Hill appeals his conviction by a jury for making a false document to affect the
course or outcome of an investigation or official proceeding. The trial court assessed punishment
at imprisonment for five years, probated for ten years. In eight issues, Appellant challenges the legal
and factual sufficiency of the evidence. We affirm.

Factual and Procedural Background
            A Rains County grand jury issued the following indictment against Appellant: 
INDICTMENT-Tampering With or Fabricating Physical Evidence
 
IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:
 
The Grand Jurors of the County of Rains, State of Texas, duly selected, impaneled, sworn,
charged and organized as such at the JANUARY Term, 2003, of the Eighth Judicial District Court
of said County, upon their oaths present in and to said Court, that JOE HOWARD HILL, on or about
the 2nd day of May, 2003, and before the presentment of this indictment, in said County and State,
did then and there knowing that an investigation was pending, to-wit: a driving while intoxicated
offense against Alicia Clark, intentionally or knowingly make or present or use a record or document,
to-wit: a statement indicating he did not wish to further prosecute Alicia Clark for the driving while
intoxicated offense and said statement was produced on the Rains County Sheriff’s Office official
letterhead at a time when JOE HOWARD HILL was not employed with Rains County Sheriff’s
Office, with knowledge of its falsity and with intent to affect the course or outcome of the investigation
or official proceeding.


              AGAINST THE PEACE AND DIGNITY OF THE STATE OF TEXAS

                                                                                                    Mickey Thurman________________
                                                                                                    FOREMAN OF THE GRAND JURY


            Appellant was tried before a jury. The evidence at trial showed that Trooper Jason Dickerson
of the Department of Public Safety (“DPS”) was called to investigate an accident in Rains County
after 1:00 a.m. on April 11, 2003. He took over the investigation of the accident from law
enforcement officials who had already arrived on the scene, including Appellant, a deputy in the
Rains County Sheriff’s Department. In his investigation, Dickerson determined that one of the
drivers in the accident, Kristopher Smith, had been driving while intoxicated. While still at the
accident scene, Trooper Dickerson and the other law enforcement officials were informed that a
vehicle careening and speeding recklessly on U.S. Highway 69 was nearing their location. The
vehicle was driven by Alicia Clark, who was stopped near the accident scene by the DPS officers
there. 
            Soon after being removed from her vehicle, Clark approached Appellant, took him by the arm
and asked him, “Is there anything you can do? Can you take me home and get me out of this?” 
Appellant testified that he told her “No” and that she needed to cooperate with the DPS troopers. 
Dickerson then had Clark perform several field sobriety tests. After concluding that Clark was
intoxicated, Dickerson arrested her and arranged for her to be transported to the Rains County Jail. 
There both Smith and Clark were booked in by jailer Wendy Harris. Harris testified that to enter an
arrest report in the Rains County computers, she had to show a Rains County law enforcement
officer as the “arresting officer.” Because Dickerson was a DPS trooper, she could not use his name
even though he had actually investigated the incidents and made the arrests. Harris testified that she
used Appellant’s name because he was on duty at the time Smith and Clark were booked into the jail. 
            While Clark was being booked, Appellant arrived and told Clark that “everything would be
okay.” Clark testified that Appellant called her after the arrest and that before the end of April he
came to the addition where she resided to tell her he was going to check into her case. Both
Appellant and Clark testified that he had also been in contact with her several times before her DWI
arrest. Appellant had asked Clark out on dates, but she had declined each time.
            On April 30, Appellant was notified in a letter from Rains County Sheriff Richard Wilson
that he would be terminated as a deputy on May 1, the next day. Appellant testified that he began
going through the records of the sheriff’s department to take care of any loose ends. He testified that
this was when he discovered he was listed as the “arresting officer” on Clark’s arrest report. He also
stated that upon discovering this information, he completed the top part of a nonprosecution
statement (the “statement”) that was on the sheriff’s department letterhead. The statement provided
as follows: 
 
THE STATE OF TEXAS, COUNTY OF RAINS BEFORE ME THE UNDERSIGNED
AUTHORITY ON THIS DAY PERSONALLY APPEARED JOE HILL WHO AFTER BEING BY
ME FULLY SWORN DEPOSES AND SAYS AS FOLLOWS: I, JOE HILL DO NOT WISH TO
FURTHER PROSECUTE ALICIA MAE CLARK ON THE CHARGE OF DWI IST ON 4-11-2003.
 
SWORN TO and Subscribed before me by __________ on the _____ day of _______, _______.
 
(seal)______________________
AFFIANT

                                                                                                                   _____________________
                                                                                                                   WITNESS
______________
NOTARY
 
            Appellant took the statement to the county attorney’s office on May 2, where in the presence
of Cheryl South, a new and inexperienced employee there, he filled in the jurat of the statement
before signing his name as affiant. However, he left the witness line blank and did not have South
or anyone else notarize it. He then asked South to place the statement in Clark’s DWI file. South
did as requested, but then told another office employee what she had done at Appellant’s behest. 
Rains County authorities immediately began an investigation. Dickerson was contacted by the
sheriff’s department about the statement Appellant had completed. In response, he sent the
following letter on DPS letterhead: 
 
May 5, 2003

              Rains County Sheriff’s Office
              Deputy Fisher

              Deputy Fisher:
 
As per our earlier conversation, I have had no contact with Joe Hill regarding not prosecuting Alicia
Mae Clark for DWI. It is my desire that the case be fully prosecuted and the Rains County Prosecutor
should have my case report.

              Please contact me at the following phone numbers if I can be of any more assistance to you.

              [Phone numbers omitted]

              Sincerely,

              /s/
              Jason T. Dickerson

              Cc: Sgt. Ray Deaton

Clark later entered a guilty plea to the DWI charge. 
              Appellant was found guilty as indicted. His punishment was assessed at five years of
imprisonment, probated for ten years. This appeal followed. 

Sufficiency of the evidence
            In eight issues, Appellant challenges the legal and factual sufficiency of the evidence that his
statement indicating that he did not wish to prosecute Clark was false, that he intended to affect the
course or outcome of the investigation or official proceeding against Clark, and that he tampered
with or fabricated the physical evidence in her case. 
Standard of Review
            In reviewing a challenge to the legal sufficiency of the evidence, we review the evidence in
the light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443
U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Young v. State, 14 S.W.3d 748,
753 (Tex. Crim. App. 2000). In reviewing the evidence for legal sufficiency, an appellate court does
not reweigh the evidence and substitute its judgment for that of the jury. King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000). The jury is the exclusive judge of 1) the facts, 2) the credibility
of the witnesses, and 3) the weight to be given to the testimony of each witness. Penagraph v. State,
623 S.W.2d 341, 343 (Tex. Crim. App. 1981). As factfinder, a jury may reject any or all part of a
witness’s testimony. Id.
            In concluding a factual sufficiency review, an appellate court must review all of the evidence,
but not in the light most favorable to the prosecution. Johnson v. State, 23 S.W.3d 1, 6-7 (Tex.
Crim. App. 2000). We must determine whether a neutral review of all of the evidence, both for and
against the challenged finding, demonstrates that a rational jury could have found guilt beyond a
reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). Evidence is
factually insufficient when evidence supporting the verdict, considered by itself, is too weak to
support the finding of guilt beyond a reasonable doubt. Id. Evidence is also factually insufficient
when contrary evidence is so strong that the beyond-a-reasonable-doubt burden of proof could not
have been met. Id. at 484-85. Our evaluation should not intrude upon the factfinder’s role as the
sole judge of the weight and credibility given to any witness’s testimony. Cain v. State, 958 S.W.2d
404, 408 (Tex. Crim. App. 1997).
Applicable Law
            Section 37.09 of the Texas Penal Code states as follows:
(a) A person commits an offense if, knowing that an investigation or official proceeding is pending
or in progress, he:
 
. . . ;
 
(2) makes, presents, or uses any record, document, or thing with knowledge of its falsity and
with intent to affect the course or outcome of the investigation or official proceeding.
 
Tex. Pen. Code Ann. § 37.09(a)(2) (Vernon 2003). A person acts intentionally, or with intent, with
respect to the nature of his conduct or to a result of his conduct when it is his conscious objective
or desire to engage in the conduct or cause the result. Tex. Pen. Code Ann. § 6.03(a) (Vernon
2003). 
Analysis
            In his first two issues, Appellant contends that the evidence is not legally and factually
sufficient to prove that the statement he signed was false. Sheriff Wilson testified that he had not
authorized Appellant to file a nonprosecution statement in the Clark case. Wilson also testified that
he did not know that Appellant was going to file the statement in the Rains County Attorney’s office
the day after he was terminated as an employee of his department. Further, Wilson testified that
Appellant did not use the sheriff’s department standard form for a nonprosecution statement. 
According to Wilson, the standard nonprosecution statements the department used were not on
sheriff’s department letterhead. He also testified that the letterhead Appellant used was no longer
used by the sheriff’s department.


 
            Wilson and his chief deputy, David Traylor, both testified that it was standard procedure for
only the arresting or investigating officer to file a nonprosecution statement with either the county
or district attorney, whoever was prosecuting the offense. Appellant testified that he was only
assisting the DPS in the investigation and arrest of Clark. He also testified that he knew he was
neither the arresting or investigating officer in the Clark case. 
            Appellant testified that he did not realize he had been shown as the “arresting officer” on
Clark’s arrest form on file with the sheriff’s department until the night of April 30, after he had been
informed that he was to be terminated. He said his reason for completing the statement was that he
did not want to be shown as Clark’s arresting officer. He also said that he completed the statement
and filed it with the county attorney’s office so that he would no longer be listed as the arresting
officer. Traylor testified that completing a nonprosecution statement was not the procedure used in
the sheriff’s department for correcting an arrest report. He stated that if an officer wanted to correct
an arrest report, he could go back and edit it himself. Traylor contended that Appellant, with
eighteen years of law enforcement experience, knew the proper procedure to correct a mistake on
an arrest form in the sheriff’s department and yet had not followed that procedure.
            The evidence established that Harris had booked Clark and Smith into the Rains County Jail
at approximately the same time. The book-in form for both Clark and Smith showed that Appellant
was the “arresting officer.” Appellant admitted that he had not filed a nonprosecution statement in
Smith’s case. He testified that he had not done so because he had not realized that he was also the
“arresting officer” listed in Smith’s case. 
            After reviewing the evidence on the issue of falsity in the light most favorable to the guilty
verdict, we conclude that there was legally sufficient evidence to support the jury’s determination
of this issue in favor of the State. In reviewing the evidence, both for and against the verdict on the
falsity issue, we cannot say that the evidence supporting the verdict, considered by itself, is too weak
to support the finding of falsity beyond a reasonable doubt. Nor can we conclude that the contrary
evidence is so strong that the beyond-a-reasonable-doubt burden of proof could not have been met. 
Therefore, the evidence was factually sufficient to support the jury’s determination that Appellant
knew the nonprosecution statement was false when he submitted it to the county attorney’s office. 
Appellant’s issues one and two are overruled. 
            In issues three, four, five, and six, Appellant contends there is not legally and factually
sufficient evidence to prove that he intended to affect the outcome or course of either the
investigation or the official proceeding against Clark. In addition to the evidence already discussed,
the record reveals that Appellant knew South was a relatively new employee in the county attorney’s
office, having worked there less than three months. He signed the nonprosecution statement in her
presence, but did not ask her or anyone else to witness it or to notarize it. He merely requested South
to put the statement in Clark’s file. Appellant testified that he knew a nonprosecution statement in
a criminal defendant’s file could have an effect on whether the offense was actually prosecuted.
            Appellant contends that if he had been trying to affect the outcome of the investigation or
official proceeding against Clark, he had other opportunities to do so. First, he contends that he
could have told Clark at the scene of her traffic stop not to cooperate with the DPS officers. 
Secondly, he argues that he could have changed actual evidence in Clark’s case. Finally, he contends
that he would have had the nonprosecution statement notarized and witnessed if he had really meant
to affect the investigation or outcome of the case against Clark. 
            The intent of the accused is ordinarily determined by circumstantial evidence. See Dillon
v. State, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978). On appeal, we do not inquire whether the
evidence persuades us that a defendant had a particular intent. Instead, we determine whether a
rational jury could have found the intent to commit the crime beyond a reasonable doubt. Brimage
v. State, 918 S.W.2d 466, 476 (Tex. Crim. App. 1994). After reviewing the evidence here in the
light most favorable to the verdict, we conclude that the evidence was legally sufficient to show that
Appellant intended to affect the course or the outcome of the Clark investigation or official
proceeding.
            The jury determined the credibility of the witnesses and resolved the evidentiary
inconsistencies in the State’s favor, which was its prerogative as factfinder. In reviewing the
evidence, both for and against the verdict, we cannot say that the evidence supporting the
determination that Appellant intended to affect the course or outcome of the Clark investigation or
official proceeding was too weak to support the finding of guilt beyond a reasonable doubt. Nor can
we say that the evidence contrary to the verdict was so strong that the beyond-a-reasonable-doubt
burden of proof could not have been met. We conclude the evidence was factually sufficient to show
that Appellant intended to affect the course or the outcome of the Clark investigation or official
proceeding. Appellant’s issues three, four, five, and six are overruled.
            In issues seven and eight, Appellant contends that the evidence was both legally and factually
insufficient to prove that he tampered with or fabricated physical evidence. In reviewing these two
issues, we must first examine Section 37.09(a), which states as follows:
 
§ 37.09. Tampering With or Fabricating Physical Evidence
 
(a) A person commits an offense if, knowing that an investigation or official proceeding is pending
or in progress, he:
 
(1) alters, destroys, or conceals any record, document, or thing with intent to impair its verity,
legibility, or availability as evidence in the investigation or official proceeding; or
 
(2) makes, presents, or uses any record, document, or thing with knowledge of its
falsity and with intent to affect the course or outcome of the investigation or official
proceeding.
 
Tex. Pen. Code Ann. § 37.09(a)(1), (2) (Vernon 2003) (emphasis added).
            The indictment in the instant case describes conduct that is prohibited by Section 37.09(a)(2),
but does not include an allegation that Appellant engaged in conduct prohibited by subsection (a)(1). 
The conjunction “or” rather than “and” is used to join the two subsections. Therefore, an individual
violates section 37.09(a) by engaging in the conduct described in either subsection 1 or subsection
2. The State was not required to prove that Appellant’s conduct violated both subsections. 
Appellant’s issues seven and eight are overruled.
Conclusion
            Having overruled Appellant’s eight issues, we affirm the judgment of the trial court.

                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
Opinion delivered July 29, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

(DO NOT PUBLISH)