NUMBER 13-04-00151-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

IDALIA CERVANTES,                                                                       Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

                On appeal from the County Court at
Law No. 1

                                       of
Cameron County, Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez 

                         Memorandum
Opinion by Justice Hinojosa

 








A jury found appellant, Idalia Cervantes,
guilty of the offense of making a false report to a peace officer.[1]  The trial court assessed her punishment at
six months= confinement in the county jail and a $200
fine, suspended the jail sentence, and placed her on community supervision for
a term of six months.  The trial court has
certified that this is not a plea bargain case and appellant has the right to
appeal.  See Tex. R. App. P. 25.2(a)(2).  In three issues, appellant contends (1) the
evidence is legally and factually insufficient to support her conviction, and
(2) the trial court erred in failing to instruct the jury on the law of Aattempt.@  We
affirm.    

A.  Factual Background

On November 12, 2002, two Brownsville police
officers were dispatched to the scene of a minor traffic accident involving two
vehicles, a Ford Mustang and a Lincoln. 
The Mustang had rear-ended the Lincoln while the Lincoln was stopped in
traffic.  Appellant was present at the
scene and told the police officers that she was the driver of the Mustang.  After determining that appellant was not the
driver of the Mustang, the officers arrested her for making a false report to a
peace officer.  

B.  Legal and Factual Sufficiency

Appellant contends the evidence is legally
and factually insufficient to support her conviction for making a false report
to a peace officer or law enforcement employee.  The standard of review for
challenging the legal and factual sufficiency of the evidence is well
settled.  See Jackson v. Virginia, 443 U.S. 307, 319 (1979) (legal
sufficiency); Young v. State, 14 S.W.3d 748, 753 (Tex. Crim. App. 2000)
(legal sufficiency); Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000) (factual sufficiency); Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997) (legal and factual sufficiency). 








A person commits the offense of making a false
report to a peace officer or law enforcement employee if, with intent to
deceive, she knowingly makes a false statement that is material to a criminal
investigation and makes the statement to a peace officer conducting the
investigation.  Tex. Pen. Code Ann. ' 37.08
(Vernon 2003).  

In her first issue, appellant contends the alleged false statement was not made
during a criminal investigation.  She
argues that the statement was made during an interview with a police officer
who was responding to a minor traffic accident, which is not a criminal
investigation.  We disagree.

Manuel Montes, one of the investigating
officers, testified that during the course of his investigation, he determined
that the Mustang had hit the Lincoln from behind.  He said he was in the process of citing
appellant for failure to control speed when he was informed that she was not
the driver of the Mustang.  The Texas
Transportation Code provides that an operator of a motor vehicle shall control
the speed of the vehicle as necessary to avoid colliding with another person or
vehicle that is on or entering the highway. 
See Tex. Transp. Code Ann.
' 545.351 (Vernon 1999).  A violation of this section is a misdemeanor,
and any peace officer may arrest a person found committing such a violation.  See id. '' 542.301, 543.001.  Accordingly, we conclude the investigation
was of a criminal nature.

In her second issue, appellant asserts she
recanted her statement before the police officers concluded their
investigation.  Appellant cites no law in
support of this assertion, but argues that we should follow the law allowing
retraction as a defense to aggravated perjury. 









Section 37.05 of the penal code provides
that it is a defense to prosecution under section 37.03 (Aggravated Perjury)
that the actor retracted his false statement before completion of the testimony
at the official proceeding.  See Tex. Pen. Code Ann. ' 37.05 (Vernon 2003).  However, section 37.05 does not state that
retraction is a defense to prosecution under section 37.08.[2]  If the legislature had intended to provide
such a defense for making a false report to a peace officer, it would have done
so.

Viewing the evidence in the light most
favorable to the verdict, we conclude that any rational trier of fact could
have found the essential elements of the offense of making a false report to a
peace officer beyond a reasonable doubt. 
Furthermore, having reviewed all the evidence in a neutral light, we conclude that (1) the evidence is not so weak as
to be clearly wrong and manifestly unjust and (2) the verdict is not against
the great weight of the evidence.  Accordingly, we hold the evidence is legally
and factually sufficient to support appellant=s conviction.  Appellant=s first and second issues are overruled.

B.  Jury Instruction 

In her third issue, appellant contends the trial
court erred in refusing to instruct the jury on the law of Aattempt.@  

Whenever a defensive theory is raised by the
evidence, the defendant is entitled to a jury instruction on that theory.  Reese v. State, 877 S.W.2d 328, 333
(Tex. Crim. App. 1994).  In determining
whether a defensive issue has been raised, this Court must consider all of the
evidence raised at trial, regardless of its strength or whether it is
controverted.  Id.  A person commits the offense of Aattempt@ if, with specific intent to commit an offense, she
does an act amounting to more than mere preparation that tends but fails to
effect the commission of the offense intended. 
Tex. Pen. Code Ann. ' 15.01 (Vernon 2003).








The evidence in the record shows appellant told the
investigating officers several times that she was the driver of the Ford
Mustang despite the fact she was not the driver, thereby effecting the
commission of making a false report to a peace officer.  There is no evidence in the record that she
attempted to make the statement and did not complete it.  Thus, the trial court did not commit any
error in denying appellant's request for an instruction on Aattempt.@  Appellant's
third issue is overruled.

The judgment of the trial court is affirmed.

 

 

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
4th day of August, 2005.











[1] See Tex.
Pen. Code Ann. ' 37.08 (Vernon 2003).  





[2]
We have found no
other statute allowing retraction as a defense to prosecution under section
37.08.