Affirmed and Memorandum Opinion filed April 28, 2009








Affirmed and Memorandum Opinion filed April 28, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00010-CR

____________

 

JAY EVERETT SCURLOCK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 1055711

 



 

M E M O R A N D U M   O P I N I O N

Appellant Jay Everett Scurlock appeals his conviction for
murder, challenging the legal and factual sufficiency of the evidence to
support the jury=s implied rejection of his claim of
self-defense.  We affirm.

 

 








I.  Factual and Procedural Background

Appellant owned a residence in a town home community which
he leased to Brenda Williams.  In December 2005, the town home was sold in a
tax auction.  The new owner permitted Brenda to remain in the residence.  After
the sale, appellant received notice to vacate the premises by February 3,
2006.  On January 29, 2006, appellant came to Brenda=s residence to
remove appliances, including a washer, dryer, refrigerator, and stove. 
Appellant believed he had authority to remove the appliances from the
residence.  Because Brenda questioned appellant=s right to remove
the appliances, she threatened to call the police.  

Brenda called the police and her brother, Alvin Williams. 
Alvin arrived at Brenda=s residence shortly thereafter.  Appellant
and Alvin argued, and appellant indicated he would wait outside for the police
to arrive.  Alvin followed appellant outside. Appellant walked down a stairwell
to the parking lot.  Appellant claimed Alvin threw a cell phone at him;
however, Alvin claimed to have dropped his phone down the stairwell.  Appellant
tossed the cell phone over the building.  

Brenda=s and Alvin=s
seventeen-year-old brother, Tony Smith, the complainant, had plans to meet with
Alvin that morning.  Tony arrived at Brenda=s residence in his
vehicle and parked in the parking lot.  Appellant claims to have exchanged
words with Tony, and as a result of that exchange, Tony threatened appellant;
however, other witnesses testified that Tony and appellant did not engage in a
confrontation.  At Alvin=s request, Tony left to retrieve Alvin=s cell phone.








Appellant attempted to leave in his vehicle.  Appellant and
other witnesses dispute whether Alvin=s vehicle blocked
appellant=s exit; however, evidence within the record indicates
Alvin=s vehicle may have
been partially blocking appellant=s exit.  
Appellant asked Alvin to move the vehicle, and he did not.  Alvin stood behind
appellant=s vehicle in an attempt to either block appellant=s departure or to
prevent appellant from striking his own vehicle.  Appellant put his vehicle in
reverse, struck Alvin, and knocked him to the ground.  Appellant claimed, at
trial, to have attempted Ato push Alvin back@ with his vehicle
so that appellant could leave.  Alvin=s body was beneath
appellant=s vehicle and appellant continued to move his vehicle
backward.

Brenda saw Alvin beneath appellant=s moving vehicle
and yelled for appellant to stop.  She rapped on the driver=s side window with
her hand.  Meanwhile, Tony returned and saw Alvin beneath appellant=s moving vehicle. 
Tony yelled for appellant to stop the vehicle and struck appellant=s window with his
hand, but appellant continued to back-up.  Tony then retrieved a tire iron from
his own vehicle and struck appellant=s windshield. 
Appellant claims Tony struck the windshield multiple times with the tire iron,
but other witnesses claimed he struck the windshield just once.  Appellant
exited his vehicle and shot Tony with a handgun.[1] 
Tony died at the scene.  Some witnesses claim that appellant then pointed the
gun at Alvin, who ran away.  After the shooting, appellant waited for the
police to arrive.  

Police officers arrived on the scene in response to calls
involving a shooting in progress.  In their investigation, the officers spoke
with the parties involved and several residents of the community who saw some
of the events.  The medical examiner who performed the autopsy determined that
Tony died from a single gunshot that entered his front right chest at an angle
and remained lodged in his left upper back.  The medical examiner confirmed
that, based on both the angle the bullet entered Tony=s body and the
direction the bullet traveled within his body, Tony could not have been
standing face to face with appellant when he was shot; rather, Tony was facing
at a ninety-degree angle away from the shooter. Appellant was charged with
murder.  He pleaded Anot guilty.@  At the jury
trial that followed, appellant asserted self-defense.  The jury found appellant
guilty as charged, and, after finding that appellant had acted under the
influence of sudden passion, sentenced him to seven years= incarceration and
imposed a $10,000 fine. 








II.  Legal and Factual Sufficiency of the
Evidence

Appellant acknowledges, AThere is no
dispute that appellant caused the death as alleged in the indictment.@  However, in two
issues, appellant challenges the legal and factual sufficiency of the evidence
to support the jury=s implied rejection of his claim of
self-defense.  

A person commits murder if the person intentionally or
knowingly causes the death  of an individual or intends to cause serious bodily
injury and commits an act clearly dangerous to human life that causes the death
of an individual.  Tex. Penal Code Ann.
' 19.02(b)(1) &
(2) (Vernon 2003).  A person is justified in using force against another when
and to the degree he reasonably believes the force is immediately necessary to
protect himself against another=s use or attempted use of unlawful force. 
Tex. Penal Code Ann. ' 9.31(a) (Vernon
Supp. 2008).  Use of deadly force against another is justified (1) if the actor
would be justified in using force against another under section 9.31; (2) if a
reasonable person in the actor=s situation would not have retreated; and
(3) when and to the degree the actor reasonably believes the deadly force is
immediately necessary (a) to protect himself against the other=s use or attempted
use of unlawful deadly force, or (b) to prevent another=s imminent
commission of, among other things, murder, robbery, or aggravated robbery.  Tex. Penal Code Ann. ' 9.32(a) (Vernon
Supp. 2008).

An accused bears the burden of producing some evidence in
support of a claim of self-defense.  Saxton v. State, 804 S.W.2d 910,
914 (Tex. Crim. App. 1991).  Once the accused produces such evidence, the
burden falls upon the State to disprove the raised defense.  Id. at 913B14.  The State=s burden of
persuasion is not one that requires the production of evidence; rather, it
requires only that the State prove its case beyond a reasonable doubt.  Id.
at 913.  The issue of self-defense is a fact issue for the jury and a verdict
of Aguilty@ is an implicit
finding rejecting an accused=s self-defense theory.  Id. at 913B14.  








In a legal-sufficiency review, we view all the evidence in
a light most favorable to the verdict and determine whether a trier of fact
could have found each element of the offense beyond a reasonable doubt.  Young
v. State, 14 S.W.3d 748, 753 (Tex. Crim. App. 2000).  When reviewing a 
legal-sufficiency challenge on the issue of self-defense, a reviewing court
views the evidence in the light most favorable to the verdict to see if any
rational trier of fact could have found (1) the essential elements of murder
beyond a reasonable doubt, and (2) against appellant on the self-defense issue
beyond a reasonable doubt.  See Saxton v. State, 804 S.W.2d 910, 914
(Tex. Crim. App. 1991).  The jury is the exclusive judge of the credibility of
the witnesses and of the weight to be given to their testimony.  Jones v.
State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).  Reconciliation of
conflicts in the evidence is within the exclusive province of the jury.  Id. 
We resolve any inconsistencies in the testimony in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

When evaluating a challenge to the factual sufficiency of
the evidence supporting the fact finder=s rejection of a
claim of self-defense, we review all of the evidence in a neutral light.  Zuliani
v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).  We determine whether we are able to
say, with some objective basis in the record, that a conviction is Aclearly wrong@ or Amanifestly unjust@ because the great weight and
preponderance of the evidence contradicts the jury=s verdict.  Watson v. State,
204 S.W.3d 404, 414B17 (Tex. Crim. App. 2006).  It is not enough that this court
harbor a subjective level of reasonable doubt to overturn a conviction that is
founded on legally sufficient evidence, and this court cannot declare that a
conflict in the evidence justifies a new trial simply because it disagrees with
the jury=s resolution of that conflict.  Id.
at 417. 
Our evaluation should not intrude upon the fact finder=s role as the sole
judge of the weight and credibility given to any witness=s testimony.  Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). 








Appellant complains that undisputed evidence establishes
that he was under attack from unlawful deadly force because a crime scene
investigator testified the tire iron was a deadly weapon.  He points to
photographic evidence as supporting his claim that Tony struck the windshield
multiple times with enough force that glass fell inside the vehicle.  Appellant
testified that glass from the windshield fell inside the car as Tony repeatedly
struck the windshield.  Appellant argues that he was attempting to leave the
parking lot, and Tony thwarted his retreat.  Appellant recounted how, in an
effort to escape, he opened the door and Tony, positioned at the vehicle=s front quarter
panel, turned from hitting the windshield and moved toward appellant with the
tire iron raised.  Appellant drew the gun and fired.  Appellant described how
Tony fell and the tire iron Awent through the air@ and fell. 

Three residents of the town home community witnessed some
of the events.  These witnesses did not know the parties involved. Each
described hearing a commotion in the parking lot and each described seeing
appellant reverse his vehicle, seeing Alvin beneath appellant=s moving vehicle,
and seeing Tony attempt to stop appellant by yelling and striking the car with
his fist before retrieving a tire iron from his own vehicle.  








One witness, Brenda Burnett described how, after hitting
appellant=s windshield with a tire iron, Tony backed away and
dropped the tire iron.  She went inside her home when she heard that appellant
had brandished a gun.  Yolanda Dade, another witness, saw Tony hit the
windshield once with a tire iron.  As appellant Araised up out@ of the vehicle,
she saw Tony move back.  She testified that Tony did not raise the tire iron
against appellant at this point.  She testified Tony was backing up when he was
shot; his body turned and he hit the ground face first.  Finally, Ebony Burnett
described how, after hitting appellant=s windshield with
the tire iron, Tony dropped the tire iron and tried to run.  She testified that
Tony did not swing the tire iron at appellant after appellant got out of the
vehicle.  She confirmed the men were not standing face to face, but that Tony=s body was turned
as if he were about to run, trying to leave before appellant shot him.  On
cross-examination, Ebony described how Tony already had turned his body and
attempted to run away when he was shot because he fell face first.  

In reviewing the evidence in the light most favorable to
the verdict, we cannot conclude the jury was irrational in rejecting appellant=s self-defense
claim and convicting appellant of murder.  See Saxton, 804 S.W.2d at
914.  Although appellant testified that he feared for his life when Tony
repeatedly struck the windshield, other witnesses= testimony
contradicted appellant=s account, indicating that Tony forcefully
struck the windshield a single time; the photographs appear to be consistent
with the witnesses= testimony.  An appellant=s testimony alone
will not conclusively prove self-defense as a matter of law.  See Denman v.
State, 193 S.W.3d 129, 133 (Tex. App.CHouston [1st
Dist.] 2006, pet. ref=d).  Moreover, testimony from Ebony
Burnett, Brenda Burnett, and Yolanda Dade, the three witnesses who did not know
the parties involved, indicates that Tony did not raise the tire iron against
appellant, but rather dropped the tire iron and was attempting to move away
from the vehicle when appellant got out of the vehicle.  See, e.g.,
Lee v. State, 259 S.W.3d 785, 791 (Tex. App.CHouston [1st
Dist.] 2007, pet. ref=d) (involving a sufficiency challenge
based on whether a complainant=s back was turned away).  The medical
examiner=s testimony and
autopsy report support these witnesses= accounts that
Tony was positioned at an angle and was not face-to-face with appellant, nor
was he shot in the back.  Although appellant argues that photographic evidence
shows the tire iron was positioned near Tony=s body, the tire
iron=s resting place,
to the right of Tony=s body as shown in photographs, was
consistent with eyewitness testimony that Tony dropped the tire iron and attempted
to turn and move away as he was shot.  See id. at 792 (providing that
physical evidence was consistent with eyewitness testimony).  The tire iron=s resting place,
to the right of Tony=s body, also was consistent with the
medical examiner=s conclusion that appellant was turned at
an angle when he was shot through his upper right chest.  








A determination of the credibility of the defense evidence
is within the sole province of the jury, who is free to accept or reject it.  See
Saxton, 804 S.W.2d at 914.  In the face of conflicting evidence, we presume
the jury resolved conflicts in favor of the prevailing party.  See Curry,
30 S.W.3d at 406.  By finding appellant guilty, the jury implicitly rejected
appellant=s self-defense theory and necessarily chose not to
believe appellant=s testimony in support of it.  See
Saxton, 804 S.W.2d at 914.  The jury rationally could have believed the
testimony of the three eyewitnesses who stated that Tony did not raise the tire
iron against appellant and attempted to move away, while, at the same time,
disbelieving appellant=s testimony of Tony=s attack on him.  See
id.; Denman, 193 S.W.3d at 133.  In sum, the evidence shows a
rational trier of fact could have found that appellant either did not have a
reasonable belief that deadly force was immediately necessary to protect
himself from another=s use of deadly force or that a reasonable
person in appellant=s position would have retreated.  See
Tex. Penal Code Ann. '' 9.31, 9.32. 
Under the applicable standard, we hold that the evidence is legally sufficient
to prove murder beyond a reasonable doubt because a rational jury could have
found against appellant on the self-defense issue beyond a reasonable doubt.  See
Saxton, 804 S.W.2d at 914; Denman, 193 S.W.3d at133 (providing
that appellant=s testimony of self-defense is not enough to render
evidence insufficient).  We overrule appellant=s first issue.








By its verdict, the jury believed appellant was not
justified in using deadly force against Tony and implicitly rejected appellant=s claim of
self-defense.  See Zuliani, 97 S.W.3d at 594.  As the sole judge of
credibility, the jury could have chosen to believe the testimony of the neutral
witnesses who relayed facts that appellant was not responding to an immediate
threat once Tony dropped the tire iron and attempted to move away.  See Lee,
259 S.W.3d at 793 (determining that eyewitness evidence established that
appellant did not respond to immediate threat).  Viewing the evidence in a neutral light, we are not
able to say with some objective basis in the record that appellant=s conviction is clearly wrong or
manifestly unjust because the great weight and preponderance of the evidence
contradicts the jury=s verdict.  See Watson, 204 S.W.3d at 417; Lee,
259 S.W.3d at 792B93.  We hold that the evidence is factually sufficient to
support the
jury=s rejection of
appellant=s self-defense claim.  See Watson, 204 S.W.3d at 417; Lee, 259
S.W.3d at 792B93.  Accordingly, we overrule appellant=s second issue.

The judgment of the trial court is
affirmed.

 

 

 

/s/      Kem T. Frost

Justice

 

 

Panel consists of Chief Justice Hedges, and Justices Yates
and Frost.

Do Not Publish C Tex. R. App. P.
47.2(b).

 

 









[1]  Evidence in the record suggests that appellant was
licensed to carry the handgun.