

# NUMBER 13-10-00287-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

VICTOR LOZANO,                                                    **Appellant,**

**v.**

THE STATE OF TEXAS,                                              **Appellee.**

### On appeal from the 24th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Rodriguez**

Appellant Victor Lozano challenges his conviction for the offense of engaging in organized criminal activity. *See* TEX. PENAL CODE ANN. § 71.02(a) (West Supp. 2010). Lozano pleaded not guilty. After a jury trial, Lozano was found guilty and sentenced to twenty years in the Institutional Division of the Texas Department of Criminal Justice. By two issues, Lozano contends that (1) the trial court erred in admitting an audiotape

recording of a purported meeting of gang members, and (2) his trial counsel was ineffective for not objecting to the admission of the recording.  We affirm.

## I.  BACKGROUND[1]

On June 17, 2009, an informant, wearing an undercover wire, taped a purported meeting of the Hermanos Pistoleros Latinos (HPL) during which the participants were claimed to have discussed and to have partially planned the murder of three targets, as alleged in the indictment.  This audiotape recording, admitted without objection as State's Exhibit 32, forms the basis of Lozano's issues on appeal.

## II.  DISCUSSION

### A.  Admissibility of Recording

By his first issue, Lozano contends that the trial court erred in admitting the June 17 recording because the sound quality of the recording was so poor.  Lozano identifies the following background noises from the recording:  (1) ambient electronic noise from radio transmissions, television broadcasts, and cellular phones; (2) multiple conversations occurring at once including shouting, joking, and laughing by some attendees and serious discussion by others; and (3) participants answering phones. Because of these factors, Lozano contends that the recording was rendered unreliable for evidentiary purposes.  Lozano also complains that, because of the poor quality of the recording, it could not have been authenticated as an accurate representation of the conversations it purported to represent.

The standard of review for the admissibility of evidence is abuse of discretion.

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.4.

2

*Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005) (en banc).  Under an abuse of discretion standard, we will uphold the decision of the trial court concerning the admissibility of evidence unless the ruling rests outside the zone of reasonable disagreement.  *Id.*

First, we note that this asserted error was not preserved for our review.  *See* TEX. R. APP. P. 33.1(a) (providing that to preserve error for appellate review, a party must make a timely and sufficiently explicit request, objection, or motion in the trial court); *Haley v. State*, 173 S.W.3d 510, 516 (Tex. Crim. App. 2005) (stating that to preserve error, the record must show (a) appellant made a timely and specific request, objection, or motion; and (b) the trial court either ruled or refused to rule and the complaining party objected to the refusal); *Young v. State*, 14 S.W.3d 748, 754 (Tex. Crim. App. 2000) (holding that error regarding authentication of an exhibit was waived when the defendant failed to object to its admission at trial).  However, even had error been preserved, we would conclude that the trial court did not abuse its discretion when it admitted State's Exhibit 32 into evidence.

The authentication requirement "as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."  TEX. R. EVID. 901(a); *Angleton v. State*, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998) (en banc). Rule 901(b) provides a non-exclusive list of methods for authenticating evidence.  *See* TEX. R. EVID. 901(b).  One of these methods allows for authentication by the testimony of a witness with knowledge that a matter is what it is claimed to be.  *See id.* 901(b)(1).

Here, the State offered State's Exhibit 32, a CD, as an accurate recording of the

3

conversations and activities that occurred at a meeting of the HPL on June 17, 2009. The informant testified that he was wearing a "wire" at the meeting in which he participated. He also testified as to how the wire worked. According to the informant, he had listened to the audio on State's Exhibit 32 and agreed that the CD was a fair, accurate, and complete copy of the recording of the meeting. The informant explained that he recognized that particular CD as the one he had listened to by his initials on it. Based on the above, we conclude that the tape was properly authenticated. *See id.* at R. 901(a).

We have also listened to the entire tape and cannot conclude that the portions of the recording about which Lozano complains are so substantially flawed as to render the tape unreliable. *See, e.g., Addison v. United States*, 317 F.2d 808, 815 (5th Cir. 1963) (explaining that the trial court did not abuse its discretion when it admitted tape-recorded conversation even though one-half of tape was inaudible). This is particularly so in light of the fact that, as the jury listened to the tape, the informant testified, without objection, regarding the events of the meeting, the individuals about whom the participants at the meeting were talking, and what was meant by certain conversations, among other things. *See Massey v. State*, 933 S.W.2d 141, 149 (Tex. Crim. App. 1996) (holding that if a defendant objects to the admission of evidence but the same evidence is introduced from another source without objection, the defendant waives the objection).

Accordingly, we conclude that the trial court's decision to admit the recording did not rest outside the zone of reasonable disagreement, and thus, we conclude that it did not abuse its discretion in doing so. *See Martin*, 173 S.W.3d at 467. We overrule Lozano's first issue.

4

## B. Ineffective Assistance of Counsel

By his second issue, Lozano contends that his trial counsel was ineffective because he failed to object to the admission of State's Exhibit 32 on the basis that it was not an accurate representation of the conversation that took place and that, if not accurate, it was not reliable. However, having determined that the trial court did not abuse its discretion in admitting State's Exhibit 32, we cannot now conclude that trial counsel's performance was deficient for not objecting to admissible evidence. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984) (providing the following two-part test to determine whether a criminal defendant was provided ineffective assistance of counsel: (1) the appellant must demonstrate that counsel's performance was so deficient that it fell below an objective standard of reasonableness; and (2) having demonstrated deficient assistance, appellant must then show that there is a reasonable probability that the final result would have been different but for counsel's errors); *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Because this is the sole argument urged by Lozano in support of his ineffective-assistance-of-counsel claim, we overrule his second issue.

## III. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of July, 2011.

5