NUMBER 13-10-00287-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

VICTOR LOZANO,                                                               
    Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                            Appellee.

                                                                                                                     
  

 

On appeal from the 24th
District Court 

of Victoria County,
Texas.

     
                                                                                                                

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza  

Memorandum Opinion by
Justice Rodriguez

                                                                                    

Appellant Victor Lozano challenges his
conviction for the offense of engaging in organized criminal activity.  See Tex. Penal Code Ann. '
71.02(a) (West Supp. 2010).  Lozano pleaded not guilty.  After a jury trial,
Lozano was found guilty and sentenced to twenty years in the Institutional
Division of the Texas Department of Criminal Justice.  By two issues, Lozano contends
that (1) the trial court erred in admitting an audiotape recording of a
purported meeting of gang members, and (2) his trial counsel was ineffective
for not objecting to the admission of the recording.  We affirm.

I.  Background[1]

On June 17, 2009, an informant, wearing
an undercover wire, taped a purported meeting of the Hermanos Pistoleros
Latinos (HPL) during which the participants were claimed to have discussed and
to have partially planned the murder of three targets, as alleged in the
indictment.  This audiotape recording, admitted without objection as State's
Exhibit 32, forms the basis of Lozano's issues on appeal.

II. 
Discussion

A. 
Admissibility of Recording

By his first issue, Lozano contends that
the trial court erred in admitting the June 17 recording because the sound
quality of the recording was so poor.  Lozano identifies the following
background noises from the recording:  (1) ambient electronic noise from radio transmissions,
television broadcasts, and cellular phones; (2) multiple conversations
occurring at once including shouting, joking, and laughing by some attendees
and serious discussion by others; and (3) participants answering phones. 
Because of these factors, Lozano contends that the recording was
rendered unreliable for evidentiary purposes.  Lozano also complains
that, because of the poor quality of the recording, it could not have been
authenticated as an accurate representation of the conversations it purported
to represent.

The standard of review for the
admissibility of evidence is abuse of discretion.  Martin v. State, 173
S.W.3d 463, 467 (Tex. Crim. App. 2005) (en banc).  Under an abuse of discretion
standard, we will uphold the decision of the trial court concerning the
admissibility of evidence unless the ruling rests outside the zone of
reasonable disagreement.  Id.  

First, we note that this asserted error
was not preserved for our review.  See Tex.
R. App. P. 33.1(a) (providing that to preserve error for appellate
review, a party must make a timely and sufficiently explicit request,
objection, or motion in the trial court); Haley v. State, 173 S.W.3d
510, 516 (Tex. Crim. App. 2005) (stating that to preserve error, the record
must show (a) appellant made a timely and specific request, objection, or
motion; and (b) the trial court either ruled or refused to rule and the
complaining party objected to the refusal); Young v. State, 14 S.W.3d
748, 754 (Tex. Crim. App. 2000) (holding that error regarding authentication of
an exhibit was waived when the defendant failed to object to its admission at
trial).  However, even had error been preserved, we would conclude that the
trial court did not abuse its discretion when it admitted State's Exhibit 32
into evidence.

The authentication requirement "as
a condition precedent to admissibility is satisfied by evidence sufficient to
support a finding that the matter in question is what its proponent
claims."  Tex. R. Evid.
901(a); Angleton v. State, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998) (en
banc). Rule 901(b) provides a non-exclusive list of methods for authenticating
evidence.  See Tex. R. Evid.
901(b).  One of these methods allows for authentication by the testimony of a
witness with knowledge that a matter is what it is claimed to be.  See id. 901(b)(1).

Here, the State offered State's Exhibit
32, a CD, as an accurate recording of the conversations and activities that
occurred at a meeting of the HPL on June 17, 2009.  The informant testified
that he was wearing a "wire" at the meeting in which he
participated.  He also testified as to how the wire worked.  According to the
informant, he had listened to the audio on State's Exhibit 32 and agreed that
the CD was a fair, accurate, and complete copy of the recording of the
meeting.  The informant explained that he recognized that particular CD as the
one he had listened to by his initials on it.  Based on the above, we conclude
that the tape was properly authenticated.  See id. at R.    901(a).

We have also listened to the entire tape
and cannot conclude that the portions of the recording about which Lozano
complains are so substantially flawed as to render the tape unreliable.  See,
e.g., Addison v. United States, 317 F.2d 808, 815 (5th Cir. 1963) (explaining
that the trial court did not abuse its discretion when it admitted
tape-recorded conversation even though one-half of tape was inaudible).  This
is particularly so in light of the fact that, as the jury listened to the tape,
the informant testified, without objection, regarding the events of the
meeting, the individuals about whom the participants at the meeting were
talking, and what was meant by certain conversations, among other things.  See
Massey v. State, 933 S.W.2d 141, 149 (Tex. Crim. App. 1996) (holding that
if a defendant objects to the admission of evidence but the same evidence is introduced
from another source without objection, the defendant waives the objection).

Accordingly, we conclude that the trial
court's decision to admit the recording did not rest outside the zone of
reasonable disagreement, and thus, we conclude that it did not abuse its
discretion in doing so.  See Martin, 173 S.W.3d at 467.  We overrule
Lozano's first issue.

B.  Ineffective
Assistance of Counsel

            By his second issue, Lozano contends that his
trial counsel was ineffective because he failed to object to the admission of
State's Exhibit 32 on the basis that it was not an accurate representation of
the conversation that took place and that, if not accurate, it was not
reliable.  However, having determined that the trial court did not abuse its
discretion in admitting State's Exhibit 32, we cannot now conclude that trial
counsel's performance was deficient for not objecting to admissible evidence.  See
Strickland v. Washington, 466 U.S. 668, 687 (1984) (providing the following
two-part test to determine whether a criminal defendant was provided ineffective
assistance of counsel:  (1) the appellant must demonstrate that counsel's
performance was so deficient that it fell below an objective standard of
reasonableness; and (2) having demonstrated deficient assistance, appellant
must then show that there is a reasonable probability that the final result
would have been different but for counsel's errors); Goodspeed v. State,
187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  Because this is the sole argument
urged by Lozano in support of his ineffective-assistance-of-counsel claim, we
overrule his second issue.

III. 
Conclusion

            We affirm the judgment of the trial court.

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 

14th day of July,
2011.

                                                                                                                                                            









[1] Because this is a
memorandum opinion and the parties are familiar with the facts, we will not
recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it.  See Tex. R. App. P. 47.4.